PAN AMERICAN WORLD AIRWAYS, INC. *v.*
LOCAL READERS SERVICE, INC.

[No. 20,666. Filed October 10, 1968. No Petition for Rehearing filed.]

*Shafer, Francis & Vincent by Charles W. Vincent,* of Terre Haute, for appellant.

*Dix, Dix, Patrick, Ratcliffe & Adamson,* of Terre Haute, for appellee.

CARSON, C. J.—This appeal comes to us from the Clay Circuit Court. The action was instituted by appellant, Pan American World Airways, Incorporated, against appellee, Local Readers Service, Incorporated, for the recovery of sums alleged to be due as the result of credit card purchases of airline transportation. It is alleged that the credit cards were

issued pursuant to a contract executed by appellee's agent, E. J. Moyers.

The pleadings consisted of appellant's amended complaint in five (5) paragraphs and appellee's amended answer in five (5) paragraphs pursuant to Rule 1-3 of the Rules of the Supreme Court of Indiana. Appellee, by amended answer, denied the allegations of appellant's complaint relating to execution of the contract; the indebtedness; and, particularly the alleged agency.

Appellee filed its motion for summary judgment pursuant to Acts of 1965, ch. 90, § 1; being Burns' Anno. Stat., section 2-2524. Said motion was based upon the premise that the signatory to the contract in question, E. J. Moyers, was not the agent of Local Readers Service, Incorporated, and had no actual or apparent authority to commit its credit by the execution of a contract; that there was no genuine issue on the allegations of agency; and, that appellee was entitled to judgment as a matter of law. Appellant did not file counteraffidavits.

Subsequent to oral argument upon appellee's motion for summary judgment, the court sustained the motion and rendered judgment as follows:

"It is, therefore, now ordered, adjudged and decreed that the motion of the defendant, Local Readers Service, Inc., be and the same is sustained and granted, and that judgment be and the same is hereby rendered in favor of the said defendant on plaintiff's complaint herein, with costs to be assessed and taxed against the plaintiff herein in the sum of $————."

Appellant's sole assignment of error reads:

"1. The Court erred in sustaining the Appellee's Motion for Summary Judgment."

Appellee's motion for summary judgment was supported by answers to written interrogatories propounded by appel-

lee, to William J. Leippert, Credit and Collection Supervisor of Pan American World Airways, Incorporated. Question and answer No. 16 of said interrogatories, read as follows:

"QUESTION NO. 16

State in detail what documents and/or written or oral representations were relied upon by Pan American World Airways, Inc., in issuing the air travel card to E. J. Moyers in the name of Local Readers Service, Inc.

"ANSWER

At the time of the application for air travel cards executed by E. J. Moyers, he represented himself to be Managing Director of Local Readers Service, Inc., and in the request he listed W. A. Jones as Accountant and Office Manager for Local Readers Service, Inc., who were to be the card holders for the subscribers Local Readers Service, Inc.

"By inquiry with the Registrar of Companies in London, England, it was found that under the Companies Act of 1948, Local Readers Service, Inc., was duly authorized to transact business in the United Kingdom on April 6, 1960; that Elwood J. Moyers was authorized to accept on behalf of the Company, service of process and other notices required to be served on Local Readers Service, Inc., an American Corporation; that among the documents delivered to the Registrar of Companies in obtaining admission to transact business in the United Kingdom were photo copy of Certificate of Incorporation of Local Readers Service parent Company Local Readers Service, Inc., issued by the State of Illinois on February 11, 1959; Articles of Incorporation for Local Readers Service, Inc., filed with the Secretary of State in the State of Illinois on February 11, 1959, together with certified copies of a special meeting of shareholders November 24, 1959, and a special meeting of directors on the same date. Pan American World Airways, Inc., also caused an investigation to be made by Dun & Bradstreet, Ltd., which report was dated August 23, 1960, and although the contents of which are confidential, said report verified the information obtained from other sources with respect to the authority of Mr. Moyers, and the relationship of his operation in the United Kingdom to the parent Company, Local Readers Service, Inc."

Thereupon, pursuant to Acts of 1881, (Spec. Session), ch. 38, § 353 and Acts of 1881, (Spec. Session), ch. 38, § 354; being, Burns' Anno. Stat., §§ 2-1644, 2-1645, resp., appellee filed a motion to produce those papers and documents which appellant stated as being relied upon in issuing an air travel card to E. J. Moyers.

These documents and papers, as well as the answers to the written interrogatories and oral deposition of Mr. Leippert, were filed in support of appellee's motion for summary judgment.

. From a review of the documents, stated, by Mr. Leippert, as being relied upon in ascertaining the authority of E. J. Moyers to bind the credit of Local Readers Service, Inc., we find the following:

1. *Universal Air Travel Plan Subscribers Contract.*

This document contains the underlying contract being sued upon, herein. The contract signifies the subscriber as "Local Readers Service, Inc." and was executed on August 17, 1960, by Mr. Moyers, as "E. J. Moyers Managing Director". The contract was signed for Pan American Airways, Inc., by the Passenger Sales Manager on September 14, 1960.

2. *The Dun and Bradstreet Report.*

This report was issued by Dun and Bradstreet on August 23, 1960, at the request of Pan American Airways, Inc. That report, in pertinent portion, stated:

"Peter Yates 16, John Dalton Street, Manchester, 2 and Elwood J. Moyers 18, Wilbraham Road, Manchester, 21, are authorised (sic) to accept service and notices. Moyer acts in the capacity of Manager, Yates being Solicitor for the company in this country" (England).

3. *Articles of Incorporation.*

These were the articles filed with the Secretary of State of Illinois on February 11, 1959, pursuant to which, a cer-

tificate of incorporation was issued to Local Readers Service, Inc. The document lists the incorporators as "M. E. Petty", "G. Gold" and "E. S. Roberts". There is no mention of E. J. Moyers in the document.

4. *Certified copy of Special Meeting of Shareholders.*

In this document, the secretary certified the directors of Local Readers Service, Inc., as of November 24, 1959, to be: "Richard Y. Long", "Richard L. Harrington", and "Irwin J. Waxler". There is no mention of E. J. Moyers.

5. *Certified copy of Special Meeting of Directors.*

This document is dated November 24, 1959, and contains the minutes of the election of officers. It lists the names of the officers elected at the meeting, and their respective capacities; E. J. Moyers was not mentioned.

Although, there may be some question as to the admissibility of the Dun and Bradstreet report, it is not raised and will not be considered.

In the argument portion of its brief, appellant states general principles of law concerning the efficacies and inefficacies of granting summary judgment. We find, however, only two propositions raised therein which warrant discussion.

Firstly, appellant maintains that the allegations of the complaint and the formal denials thereof, set forth in appellee's answer, cannot establish sufficient basis for determining the non-existence of a genuine factual issue. Appellant further asserts that the documents (referred to *supra*), filed in support of appellee's motion for summary judgment ". . . can only be classified as 'background' to the sufficiency of the investigation appellant made concerning the existence of the agency prior to issuing the air travel card in question."

We would point out that the purpose of a motion for summary judgment is not to test the sufficiency of the plead-

ings, this is done by demurrer. The function of the material filed in support of a motion for summary judgment, is not to constitute "background" as appellant asserts, but it enables the court, by piercing the pleadings, to establish the existence, or conversely, the non-existence of a genuine issue of fact. *Christianson et al. v. Gaines* (1949), D. C. Cir. 174 F. 2d 534; *Carter v. Williams* (1966), 7th Cir., 361 F. 2d 189; *Albert Dickinson Co. v. Mellos Peanut Co. of Illinois* (1950), 7th Cir., 179 F. 2d 265.

Secondly, appellant maintains that the supporting documents constitute only a portion of all the elements which must be considered in establishing the agency relationship. Appellant further contends that it was not afforded the opportunity to present evidence which it could have presented at a trial on the merits. In conjunction, appellant asserts that it had no duty to reveal evidence prior to the trial and should not be forced, by empty maneuvers, to disclose its entire case.

We agree with appellant's contention that summary judgment procedure should not be used as an instrument for forcing, by empty maneuver, the disclosure of a party's entire case. This appears to be a shallow statement of the principle that where a genuine issue of fact is established, summary judgment should not be granted.

Although appellant was under no duty to divulge his entire case, he was obliged to disgorge sufficient evidence to show the existence of a genuine triable issue. 6 Moores Federal Practice ¶56.11[3], p. 2174; ¶56.15[3], p. 2348. As stated in *Engel v. Aetna Life Ins. Co.* (CCA 2d 1943), 139 F. 2d 469, at p. 473:

"If one may thus reserve one's evidence (until trial) when faced with a motion for summary judgment there would be little opportunity 'to pierce the allegations of fact in the pleadings' or to determine that the issues formally

raised were in fact sham or otherwise unsubstantial." (Our parenthetical emphasis.)

The general rule of law relating to the authority of an agent to bind his principal for credit purchases, is stated in 2 C.J.S. *Agency*, § 114, p. 1313:

"... the nature and character of the service to be rendered by the agent will carry with it, as an incident to his agency, implies authority to bind the credit of his principal whenever purchasing in such a fashion is a necessary and appropriate means, under the circumstances, to accomplish the purposes of the agency, or is the well established and customary method of dealing in that connection."

It is a well established rule that agency cannot be proven by the declarations of the agent, alone. *Lester V. Hinkle* (1923), 193 Ind. 605, 141 N. E. 463; *Holland v. Farrier* (1921), 75 Ind. App. 368, 130 N. E. 823; *W. T. Rawleigh Medical Co. v. Van Winkle et. al.* (1918), 67 Ind. App. 24, 118 N. E. 834. Likewise, we feel that the authority of an agent cannot be proven by the representations of the agent, alone, especially as in the case at bar, where the documents stated as relied upon, failed to support Moyer's representation. *Blair-Baker Horse Co. v. First Nat. Bank* (1905), 164 Ind. 77, 72 N. E. 1027. When the representation of E. J. Moyers is eliminated, nothing remains to establish authority to purchase on credit.

The fact that Mr. Moyers signed the contract as "Managing Director", a declaration which was unsupported by the remainder of material at the disposal of Pan American World Airways, Incorporated, should have placed it on notice of inquiry. It had at hand the names of the officers and directors of Local Readers Service, Incorporated, and was extremely negligent, if not careless, in failing to check the authority of E. J. Moyers. As no genuine triable issue was shown on authority, the remainder of any controverted allegations were rendered moot. We, therefore,

feel that the trial court conducted itself properly in finding that, as a matter of law, defendant-appellee was entitled to summary judgment.

The judgment below, is hereby affirmed.

Cooper, and Prime, J.J., concur.

Faulconer, J., concurs in result only.

NOTE.—Reported in 240 N. E. 2d 552.