PHILLIP MORRIS BRANDON *v.* STATE OF INDIANA.

[No. 674S116. Filed February 4, 1976. Rehearing denied March 26, 1976.]

*Harriette Bailey Conn,* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

DEBRULER, J.—In July, 1967, following a trial by jury, appellant was convicted of second degree murder. He was sentenced to life imprisonment. In January, 1973, pursuant to Post Conviction Remedy Rule 2, § 1, appellant filed a petition for permission to file a belated motion to correct error. That petition was denied in September, 1973, and this is an appeal from that decision.

Ind. R. P.C. 2, § 1, is available to "any defendant convicted after a trial or plea of guilty," whether he was convicted before or after the adoption of the Rule. The right to the benefit of a newly-adopted post conviction remedy is not in question. E.g., *Frazier* v. *State,* (1975) 263 Ind. 614, 335 N.E.2d 623; *Langley* v. *State,* (1971) 256 Ind. 199, 267 N.E.2d 538; *State ex rel. Macon* v. *Orange Circuit Court,* (1964) 245 Ind. 269, 195 N.E.2d 352. The trial court will permit the defendant to file a belated motion to correct error, pursuant to Ind. R. P.C. 2, § 1, if

"(a) no timely and adequate motion to correct error was filed for the defendant;

(b) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule."

Appellant's January, 1973, petition for permission to file was submitted with attached exhibits. The State filed no answer and asserted no legal defenses. On September 19th, after several months of inaction by the State, appellant moved

for summary judgment on his petition, asserting that there was "no genuine issue of material fact." Ind. R. Tr. P. 56. The State again made no response to the motion. On September 25th, on the basis of appellant's petition for permission and the supporting matter, the trial court denied his motion for summary judgment and also his petition for permission to file. By denying appellant's petition for permission to file on the basis of the pleadings and exhibits without further proceedings, the trial court granted summary judgment for the non-moving State, as Ind. R. Tr. P. 56(B) permits.

The order of the trial court does not state that the trial judge found no genuine issue of material fact. Nor does the order identify the legal basis relied upon in granting summary judgment for the State. The order should include an affirmative finding that there is no genuine issue of material fact and a statement of the legal grounds. *Singh* v. *Interstate Finance of Indiana No. 2, Inc.,* (1969) 144 Ind. App. 444, 246 N.E.2d 776; *Harris* v. *Young Women's Christian Association of Terre Haute,* (1968) 250 Ind. 491, 237 N.E.2d 242. If appellate review is frustrated by the lack of such statements, remand to the trial court is proper. Barron & Holtzoff, *Federal Practice and Procedure* § 1242, at 139 n. 56.1 (1970 Pocket Part). However, in this case, review is not impossible.

First, we note that appellant appeals the denial of his petition for permission to file (the summary judgment for the State), not the denial of his motion for summary judgment. We note also, that, upon review of a grant of summary judgment, the appellate court has before it the same issues as were before the trial court, that is, (1) is there any issue of material fact; (2) was the law applied correctly. 10 Wright & Miller, *Federal Practice and Procedure* § 2716 (1973).

To grant or deny a summary judgment, the trial court must take certain steps. Those steps may be described briefly as follows:

Identify the legal issues;
Identify the nature of the material facts;
Identify the material facts presented by the parties;
Determine whether the material facts presented are in genuine issue, and, if they are, deny summary judgment;
If the material facts presented are not in genuine issue, apply the law and grant or deny summary judgment.

Accordingly, the trial court must first determine what legal issues are presented by the pleadings. In this case, the legal issues are: whether or not (1) a timely motion to correct error was filed, (2) failure to timely file was the fault of the defendant, and (3) defendant was diligent in requesting a belated motion.

Second, the court should determine what types of facts would be material to the determination of the issues. A fact is material if it tends to facilitate resolution of any of the issues either for or against the party having the burden of persuasion on that issue. In this case, the following types of facts would be material: (1) a record of the filing of a motion to correct error in the trial court within thirty days of the rendition of the verdict, per former Rule 1-14a; (2) evidence of appellant's awareness or lack of awareness, during the thirty-day period after conviction, of his right to file a motion to correct error in order to preserve appellate rights; and (3) evidence of any acts or knowledge by appellant which indicate purposeful delay in requesting permission to file a belated motion to correct error (that is, abuse of process) or which indicate purposeful attempts to follow the procedures to get appellate review.

Third, the court should identify the material facts included in the pleadings and other matter presented by either party. In this case, the material fact presented with regard to a timely filing is that no motion was filed in the trial court within thirty days. With regard to the second issue, whether defendant was at fault for not filing a motion to correct error within thirty days, the evidence shows: In 1966,

when he was fifteen years old, appellant was indicted for first degree murder, in a 1965 homicide. He was tried when he was seventeen years old, and, at trial, he was represented by pauper counsel. Neither at conviction nor at sentencing, in July, 1967, did the trial court inform appellant of his right to file a motion to correct error or to appeal. In 1967, the judge was not required to do so. (Criminal Rule 11 was adopted April 15, 1969.) In 1967, an attorney was not expected to file a motion for new trial unless he found "meritorious grounds," per former Rule 2-40, whatever the desire of the defendant.

In a sworn statement attached to his petition for permission to file, appellant states the following:

"[P]etitioner's court appointed counsel failed or refused to advise him that he had a constitutional right to have an appellate review of his conviction and sentence; further that counsel failed or refused to tell petitioner that under Indiana law a motion for a new trial must be filed within thirty (30) days of the verdict; further counsel for the petitioner did not file a motion for a new trial in behalf of the petitioner or inform him that he was not going to file such a motion; that said counsel allowed the time for filing such a motion to elapse without informing the petitioner that such a motion could be filed by the petitioner himself and thus keep alive his right to appeal; nor did said counsel explain to the petitioner in any way that the petitioner could understand what steps should be taken by the petitioner or some other lawyer in his behalf to protect petitioner's right to appeal.

\* \* \*

3. that the failure to file a timely motion for a new trial (or motion to correct errors) was not the fault of the petitioner because he was relying upon his court appointed counsel to take the necessary legal steps to protect his right to an appellate review of his conviction; that he was an unskilled fifteen year old layman with no knowledge of the law or legal procedures."

With regard to appellant's diligence in requesting permission to file a belated motion, the following evidence relevant to appellant's acts and knowledge was before the trial court,

either in its record[1] or in appellant's petition for permission and the exhibits:

September 23, 1968, Appellant wrote trial judge pleading for leniency and reconsideration of his sentence.

August 1, 1969, Post Conviction remedies adopted.

September 11, 1969, Appellant files pro se P.C. 1 petition with the trial court.

September 17, 1969, Appellant notified of hearing scheduled on P.C. 1 petition for October 29, 1969.

January, 1970, Appellant learned from Public Defender that a petition for permission to file a belated motion to correct error [P.C. 2, § 1] was his proper remedy. [In the sworn statement attached to his petition for permission, appellant states:

"4. that this petitioner first learned that he had a post-conviction remedy under Indiana Supreme Court Rule P.C. #2 on the — day of January, 1970 when a member of the State Public Defender's office informed him that P.C. #1 was the incorrect remedy and that P.C. #2 was the correct one where he, or someone in his behalf, had not filed a motion for a new trial (or motion to correct errors) and had not perfected an appeal; that thereafter this petitioner used all reasonable diligence is [sic] asking that this pleading be prepared and filed in his behalf."]
*

March 26, 1970, Appellant writes judge to learn the results of the hearings on October 29, 1969 and February 17, 1970, on his P.C. 1 petition and the chance for a new trial.

August 21, 1970, Appellant writes:

"Dear Mrs. Publish Defender,

I will like to have an interview with you when you come down again. I been trying to get in tough with you for a long time. I had a P.C. one fill out, and they had a hearding october 29, of 69, and when I went to the hospital in December Mel Thorbury came down and talk with me and gave me some paper to fill my name in and he said they were going to have an hearding February 17, and every sence then, I having heard a thing. I would

_____

1. Ind. Code § 35-10-2-2 (Burns 1975) provides that "[E]ach trial court shall take judicial notice of all pleadings and its record from the time of filing of the information or indictment upon which a conviction may be had to and including any proceeding of record had attacking the validity of any judgment of conviction. . . . "; *Lane* v. *Hobbs*, (1965) 246 Ind. 640, 208 N.E.2d 182.

like to know if they had a hearding are not. Everytime you come down Patterson tell me that you are to call me out, but I never come out to the Guard Hall to see your. And another thing I don't have any money for this thing. I am a poor guy, but I will see that you get your fee. . . ."

*

September 14, 1970, Public Defender interviews appellant and tells him that a petition for permission to file a belated appeal [P.C. 2, § 2] is his correct remedy.

November 13, 1970, Appellant writes Public Defender, reminding her that she said she would keep in touch. He wants to know if he can get back into court.

*

January 4, 1971, Appellant writes judge asking the results of the hearing and a rundown of his case.

*

August 14, 1971, Judge replies that he should contact the Public Defender.

September 9, 1971, Appellant writes Public Defender asking her to handle his case because the judge referred him to her.

October 20, 1971, Public Defender writes:

"The State demurred to your Petition for Post-Conviction Relief and it was sustained on April 13, 1970, at which time the former Public Defender was anticipating his replacement on May 1, 1970.

As I stated in our interview on September 14, 1970, your need was for a Belated Appeal. However, there was such a backlog of cases that no petition has yet been filed for you.

I anticipate being able to prepare a Petition for Belated Appeal within the month, and will see you then."

July 21, 1972, Appellant writes Public Defender to ask the results of the two hearings.

January 15, 1973, Appellant writes Public Defender to ask the results of the hearings and if she would get his transcript for him. He says that he has been trying to get a hearing since 1969, and the court always refers him to her.

January 31, 1973, Public Defender files appellant's petition for permission to file a belated motion to correct error.

(*At these points, appellant wrote letters to the judge or the court clerk asking for assistance or for copies of his record. Each time he was referred to the Public Defender.)

The court's fourth step in the consideration of a possible summary judgment is to determine whether any of the ma-

terial facts presented are in genuine issue. Only if no issue as to a material fact is raised, may the court grant a summary judgment for either the moving or the non-moving party. To defeat a motion for summary judgment, the opposing party need show only a few particular facts which are in issue. On appeal, such a showing requires reversal on the ground that the case was not a proper one for summary disposition. 3 Barron & Holtzoff, *Federal Practice and Procedure* § 1237 at 115 (1970 Pocket Part), § 1242 at 198-99 (1958) ; 10 Wright & Miller, *Federal Practice and Procedure* § 2725, § 2727 at 532-34 (1973). The opposing party need not answer, but may depend upon the evidence presented by the moving party to demonstrate inherent contradictions in the factual matter.

By granting summary disposition for the State, the trial court implicitly found no genuine issue of material fact. We agree. On the issue of filing, there was no dispute. No evidence of a filing of a motion to correct error was presented.

On the issue of whether appellant was at fault for not filing a timely appeal, there was no evidence that he was older than fifteen when arrested and confined, that he was older than seventeen in the thirty days after his conviction, that he was well educated, that he had previously been convicted so that he was knowledgeable about the law and his appellate rights, or that anyone informed him of his appellate rights during the thirty days after conviction. There is no evidence that his lawyer or the judge was required by statute to so inform him.

On the issue of diligence, there is no evidence that appellant did not try to reach the Public Defender or the judge in order to appeal. None of the letters imply that there were no earlier letters or earlier attempts to have a conference with the Public Defender, or that there were no earlier attempts to file a petition for post-conviction relief or to get a copy of the record. The State's brief dismisses some of the earlier letters and appellant's 1969 P.C. petition as evidence

of diligence, because they refer to attempts to get Ind. R. P.C. 1 relief, rather than Ind. R. P.C. 2 relief. We cannot understand how the failure of appellant to seek the correct post-conviction relief is relevant evidence of a lack of diligence. Appellant sought an opportunity for a new trial beginning with his 1969 pro se petition, less than two months after the P.C. Rules were adopted. He was not legally educated. The Public Defender told him in 1970-71 that his remedy was a petition for permission to file a belated appeal [Ind. R. P.C. 2, § 2] when his correct remedy was Ind. R. P.C. 2, § 1, a petition for permission to file a belated motion to correct error. We agree with the trial court that the material facts on the three issues are not in dispute, and summary judgment on all three issues was permissible.

Finally, faced with undisputed factual evidence, the court then applies the law to the facts. In so doing, the body of material facts is considered in light of the legal issues presented in the case. When so considered, the court may conclude that summary judgment should be granted for one of the parties, or it may decide that no summary judgment should be granted at all.

The legal issues presented for decision by the trial court here were filing, fault, and diligence. The trial court granted summary judgment on the merits against appellant who was the party with the burden of proof. The standard of Ind. R. Tr. P. 41 is applicable here. The trial judge must have concluded that there was no substantial evidence of probative value to sustain one or more of the three elements of appellant's claim. The judgment does not disclose which element or elements of the claim were deemed insufficiently established in the mind of the trial judge. However, that is of no import here, as that conclusion is in any event erroneous. The evidence fairly and clearly establishes each of the three elements required to be shown by Ind. R. P.C. 2, § 1. The element of diligence is most likely in question here. It is sufficiently demonstrated by appellant's letter to the trial judge in 1968,

his pro se P.C. 1 petition, and his repeated requests to the Public Defender for aid, which led to the filing of the Ind. R. P.C. 2 petition in 1973. Upon proper application of the law, appellant was entitled to summary judgment.

The judgment of the trial court is reversed. The cause is remanded and the trial court is instructed to permit appellant to file a belated motion to correct error.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 340 N.E.2d 756.