Harold E. MARQUIS and Ina W. Marquis, Appellants (Plaintiffs Below),

v.

J.S. BATTERSBY, M.D., Trustees of Indiana University and John Doe I thru X, Inclusive, Appellees (Defendants Below).

No. 4–782 A 201.

Court of Appeals of Indiana,
Fourth District.

Dec. 21, 1982.

Richard P. Watson, Gregory A. Young, Watson & Rochford, Indianapolis, for appellants.

Ralph A. Cohen, Frederick W. LaCava, Ice, Miller, Donadio & Ryan, Indianapolis, for appellees trustees of Indiana University.

Richard L. Fairchild, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellee J.S. Battersby, M.D.

## MEMORANDUM DECISION

YOUNG, Presiding Judge.

Plaintiffs-appellants Harold and Ina Marquis appeal from a summary judgment granted in favor of defendants-appellees Trustees of Indiana University and J.S. Battersby, M.D. We affirm.

The Marquis' complaint asserted medical malpractice on the part of Dr. Battersby and the Trustees in causing an inflammation on the edges of Mrs. Marquis' incision following a surgical procedure done by Dr. Battersby in the Trustees' hospital. After the complaint was filed with the Department of Insurance, a medical panel of health care providers was selected to review the evidence submitted to it. Ind.Code 16–9.5–9–1 and –2. The panel reported that the defendants had not been negligent in the care they gave Mrs. Marquis and that they had not caused her injury. The report was submitted to the trial court in support of motions for summary judgment filed by Dr. Battersby and the Trustees. No expert opinion was furnished by the Marquis to the contrary. Mr. and Mrs. Marquis filed separate affidavits and copies of all the material filed with the medical review panel. The trial judge granted the defendants' motions for summary judgment.

The Marquis appeal arguing that:

1) There was a genuine issue of material fact regarding the standard of care, negligence or causation of injury;

2) The doctrine of *res ipsa loquitur* should have been applied by the trial judge; and

3) The trial judge erred in the selection and application of the standard of care.

The Marquis first contend that there was a genuine issue of material fact regarding the standard of care, negligence and causation. Our holding in *Bassett v. Glock*, (1977) 174 Ind.App. 439, 368 N.E.2d 18, is dispositive of this issue. The question of the appropriate standard of care may not be resolved without resort to expert testimony. *Id.* The Marquis were required to present expert testimony establishing the standard of care and that Dr. Battersby's conduct fell below this standard. *See id.* This they failed to do. Since the opinions of the medical experts were not in conflict regarding the standard of care and Dr. Battersby's conduct, there were no genuine triable issues. Ind.Rules of Procedure, Trial Rule 56. The trial court did not err in granting summary judgment.

The plaintiffs next contend that the trial court erred in not applying the doctrine of *res ipsa loquitur*. This doctrine is applicable in a medical malpractice action only when a layman is able to say that as a matter of common knowledge the consequences of the professional treatment are not those which ordinarily result if due care is exercised. *Kranda v. Houser-Norborg Medical Corp.*, (1981) Ind.App., 419 N.E.2d 1024. The uncontradicted expert testimony is that the injury was not caused by negligence. There is no basis of common knowledge for a conclusion that the injury was caused by Dr. Battersby's negligence. The cause of Mrs. Marquis' condition is not a matter of common knowledge, but a matter requiring expert testimony. The doctrine of *res ipsa loquitur* is inapplicable and the trial judge properly rejected it.

Finally, the Marquis' third claimed error is merely a reiteration of the first two issues. It presents no new issue for our review. The trial court made no error in this regard.

Affirmed.

MILLER and CONOVER, JJ., concur.