**Myra Spikes BURKE and Jim Burke, Appellants,**

v.

**William N. CAPELLO, Appellee.**

No. 49S02–8803–CV–357.

Supreme Court of Indiana.

March 25, 1988.

**440**

Jay T. Seeger, Lafayette, for appellants.

Jon D. Krahulik, Indianapolis, for appellee.

DeBRULER, Justice.

Myra Burke and Jim Burke, her husband, brought a medical malpractice action against Dr. William N. Capello, an orthopedic surgeon. The trial judge granted summary judgment for the defendant doctor. A divided Second District affirmed with unpublished opinions. The Burkes' petition to transfer is granted and the opinion of the Second District is vacated.

Here, the doctor performed an operation replacing Mrs. Burke's hip. Several weeks later, upon examination precipitated by exceptional pain, it was discovered that a fragment of cement used when affixing the prosthesis had been left in the wound and was lodged near the femoral nerve. Another operation was performed and two pieces of cement, measuring a total of one inch in diameter, were removed. The severe pain subsided.

The femoral nerve appeared to be intact. However, since the surgery, Mrs. Burke has experienced almost continuous numbness and pain in her hip.

In summary judgment proceedings the trial court is called upon to derive the matters placed in issue from the pleadings and to examine the forms of admissible evidence sanctioned by T.R. 56(C) which have been made available by the parties. The probative value of each piece of evidence is then to be determined without setting weight or credibility. Rational assertions of fact and reasonable inferences therefrom are deemed to be true. *McMahan v. Snap On Tool Corp.* (1985), Ind. App., 478 N.E.2d 116. If when from this viewpoint there is no genuine issue of material fact, judgment as a matter of law may then be appropriate for a party. Upon review of a grant of summary judgment, the appellate court has before it the same issues that were before the trial court and follows the same process. *Brandon v. State* (1976), 264 Ind. 177, 340 N.E.2d 756.

Malpractice as alleged in this complaint is the tort of negligence. Malpractice is therefore to be defined as follows:

"In Indiana the tort of negligence is comprised of three elements: (1) a duty on the part of defendant in relation to the plaintiff; (2) failure on the part of defendant to conform its conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff resulting from that failure."

*Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701.

■ There are no more legal elements to the tort of doctor malpractice than there are to other negligence torts. The legal duty arises when the relationship of doctor and patient is established. The standard of care here is that degree of care, skill and proficiency which is commonly exercised by ordinarily careful, skillful and prudent orthopedic surgeons, at the time of the operation and in similar localities. *Worster v. Caylor* (1953), 231 Ind. 625, 110 N.E.2d 337 (overruled on other grounds in *New York, Chicago and St. Louis Railroad Co. v. Henderson* (1957), 237 Ind. 456, 146 N.E.2d 531).

■ The legal basis for this doctor's motion for summary judgment and the trial court's decision to grant judgment as a matter of law was the absence of a genuine issue of material fact as to the propriety of his treatment and care of Mrs. Burke, his patient. We disagree and conclude that there was evidence to warrant the submission of element two (2) above.

The admissible evidence before us includes the written expert opinion of the medical review panel constituted to examine the Burke claim in accordance with the medical malpractice act, particularly, I.C. 16–9.5–9–7. It concluded that the evidence did not support the conclusion that Dr. Capello failed to meet the applicable standard of care. Additional evidence included the detailed description of the operations by doctors who had assisted in those operations. These statements show that conduct was engaged in more than once during the initial operation to remove excess cement from areas within the wound both before and after it would have hardened. The entire hip was irrigated, the counted surgical sponges removed and "all debris cleaned from the wound." Dr. Capello's statement reveals that "care was taken to remove any extraneous cement ..." The statements nevertheless clearly show that the one inch piece of hardened cement was debris from the first surgical procedure and was not removed from the wound.

■ The appellee doctor contends that the lack of an expert medical opinion supporting the second element of the Burkes' claim sufficiently shows that they have no submissible malpractice claim. Ordinarily, because of the technical and complicated nature of medical treatment, the trier of fact is simply unable to rationally apply the standard of care to it without the benefit of informative expert opinion on the ultimate question of breach of duty. This was the situation in *Bassett v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18, where a doctor's decision to follow a conservative treatment rather than surgery for a disc disease was challenged. It was also the situation in *Marquis v. Battersby* (1982), Ind.App., 443 N.E.2d 1202, where the patient suffered from an inflammation of the edges of an incision following surgery. In these two cases the lack of an informative expert opinion of breach of duty by the defendant foreclosed a rational verdict for plaintiff.

This case does not fail submissibility on the second element of the tort because of the absence of supporting expert opinion. It is unlike the *Bassett* and *Marquis* cases in that it involves the leaving of a foreign object in the body which should have been removed by an act understandable by the jury without extensive technical input. The properties of liquid cement are common knowledge. A rational trier of fact could have inferred from the admissible evidence that the cement would have been in at least a hardening state and thus perceptible by sight or touch to a careful observer engaged in the process of cleansing the wound of debris, instruments, and other paraphernalia.

This case is more analogous to *Ciesiolka v. Selby* (1970), 147 Ind.App. 396, 261 N.E.

2d 95, where a teflon mesh was left in the patient's abdomen. The trial court directed a verdict for the defendant doctor. The appellate court reversed, holding that a submissible case existed even though there had been no direct expert testimony supporting the plaintiff's case.

The trial court was in error in finding that there was no genuine issue of fact to be submitted for trial. The inference of breach of duty confronts medical opinion of no breach of duty. Justice thus requires a trial. This is not to say that at this point justice requires a verdict for the plaintiff.

The Petition to transfer is granted, the opinion of the Second District is vacated, the judgment of the trial court is reversed, and the cause is remanded with instructions to deny the defendant doctor's motion for summary judgment.

SHEPARD, C.J., and GIVAN and PIVARNIK, JJ., concur.

DICKSON, J., dissents with separate opinion.

DICKSON, Justice, dissenting.

Trial Rule 56(E) includes the following explicit requirement:

> * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. * * *

A party opposing summary judgment is "obliged to disgorge sufficient evidence" to show the existence of a genuine triable issue. *Shideler v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281; *Pan American World Airways, Inc. v. Local Readers Service, Inc.* (1968), 143 Ind.App. 370, 240 N.E. 2d 552. The party opposing summary judgment must "come forth with specific facts showing that there is a genuine issue for trial." *Criss v. Bitzegaio* (1981), Ind., 420 N.E.2d 1221; *Whipple v. Dickey* (1980), Ind.App., 401 N.E.2d 787.

Pursuant to Ind.Code § 16–9.5–9–9, the expert opinion reached by the Medical Review Panel was presented in support of defendant's motion for summary judgment as proof that "[t]he evidence does not support the conclusion that defendant failed to meet the applicable standard of care as charged in the initial complaint." *Record* at 25. I am unable to agree with the majority that plaintiff's response adequately set forth specific facts to show a genuine issue for trial.

I would affirm the trial court's entry of summary judgment.