BAKER, Judge.
 

 Plaintiff-appellants Linda and Ronald Bougher, husband and wife (the Boughers), appeal the trial court's entry of summary judgment in their medical malpractice action against Stephen Choi, M.D. (Dr. Choi), presenting a sole issue for our review; whether the trial court erred in determining the Boughers failed to present evidence of the applicable standard of care.
 
 [1]
 
 We affirm.
 

 In the fall of 1985, Linda began to experience numbness in her right hand. On February 6, 1986, Dr. Choi, an orthopedic surgeon in Kokomo, Indiana, performed a carpal tunnel release on Linda. After surgery, she continued to experience numbness, and accordingly consulted John Klein, M.D. (Dr. Klein), an Indianapolis surgeon specializing in acute and reconstructive surgery of the hand, on May 12, 1986.
 

 After two months of non-invasive treatment, Dr. Klein performed surgery to relieve Linda's numbness on July 29, 1986. During surgery, Dr. Klein removed a segment of one of the bundles of Linda's median nerve because he had noticed a lack of continuity in that bundle. The subsequent pathological report revealed the nerve bundle had been damaged or cut prior to Dr. Klein's surgery.
 

 The Boughers brought suit against Dr. Choi, alleging negligent malpractice. The Medical Review Panel determined the evidence did not support the conclusion that Dr. Choi breached the standard of care. The trial court granted Dr. Choi's motion for summary judgment on the ground the Boughers failed to present evidence of the relevant standard of care.
 

 I
 

 To succeed in a malpractice action, a plaintiff must ordinarily submit expert testimony as to the relevant standard of care to which the defendant was required to adhere. Burke v. Capello (1988), Ind. 520 N.E.2d 439. The standard of care in Indiana is defined by the "same or similar" locality rule, requiring a physician to exercise the care, skill, and proficiency commonly exercised by other physicians doing the same work at the same time in similar localities. Id.
 

 In this case, the trial court correctly found that the Boughers presented no evidence demonstrating the standard of care for orthopedic surgeons performing carpal tunnel releases in Kokomo or similar localities in early 1986. Dr. Choi testified that if he cut the median nerve, he should not
 
 *1291
 
 have done so. Without evidence of the standard of care, however, this was merely a statement that a cut nerve is an unintended outcome not "properly chargeable ... without some proof of a negligent act." C.F. Broughton, D.M.D., P.C. v. Riehle (1987), Ind.App., 512 N.E.2d 1133, 1137 (citation omitted) (emphasis added).
 

 Dr. Klein testified that all surgeons performing carpal tunnel releases should be held to the standard of care of hand specialists. This is the highest standard of care, and while an expert may testify as to universal standards of care, this rule applies to minimum, not maximum, standards of care. Wilson v. Sligar (1987), Ind.App., 516 N.E.2d 1099, trans. denied.
 

 Judgment affirmed.
 

 ROBERTSON, J., and HOFFMAN, P.J., concur.
 

 [1]
 

 . The Boughers also argue the doctrine of res ipsa loquitor is applicable to the case. The record reveals they did not present this argument to the trial court, however, and they may not raise it for the first time on appeal. F.W. Means & Co. v. Carstens (1982), Ind.App., 428 N.E.2d 251, trans. denied.