**CHI YUN HO, M.D., Appellant–Defendant,**

v.

**Loretta M. FRYE and Thomas Hoffman, Personal Representative of the Estate of Charles Frye, Appellees–Plaintiffs.**

No. 67A01–0603–CV–122.

Court of Appeals of Indiana.

April 30, 2007.

Edna M. Koch, Jennifer A. Strickland–Padgett, Zeigler Cohen & Koch, Indianapolis, IN, Attorneys for Appellant.

Daniel M. Mills, William C. Lloyd, E. Paige Freitag, Bauer & Densford, Bloomington, IN, Attorneys for Appellees.

## OPINION

SHARPNACK, Judge.

Chi Yun Ho, M.D., appeals the trial court's grant of a new trial to Loretta M. Frye ("Frye") and Thomas Hoffmann, personal representative of the Estate of Charles Frye (collectively, the "Fryes"). On appeal, Dr. Ho raises two issues, which we restate as:

I. Whether the trial court erred by failing to make specific findings of fact when it granted a new trial for the Fryes; and

II. Whether the trial court erred by granting a new trial for the Fryes.

On cross appeal, the Fryes raise four issues, which we restate as:

III. Whether the trial court erred by denying the Fryes' motion for partial summary judgment on the negligence of Dr. Ho;

IV. Whether the trial court erred by denying the Fryes' motion for judgment on the evidence on the negligence of Dr. Ho;

V. Whether the trial court abused its discretion by allowing certain testimony by Dr. Ho's expert witnesses; and

VI. Whether the trial court abused its discretion by allowing certain testimony by Dr. Timothy Glass.

Because we find Issue III dispositive, we need not address the other issues. We reverse and remand.

The relevant facts follow. On October 20, 2000, Dr. Ho performed a total abdominal hysterectomy and a bilateral salpingo-oophorectomy on Frye at the Putnam County Hospital. Dr. Ho believed that he removed all of the sponges used in the procedure, and the surgical nurse and surgical technician reported to Dr. Ho that the sponge count was correct. However, in March 2001, it was discovered that a sponge had been left in Frye's abdomen during the procedure. As a result, Frye had to have additional surgeries to remove the sponge, an abcess, and heal the wound.

On September 26, 2001, the Fryes filed a proposed complaint with the Indiana Department of Insurance alleging medical malpractice against Dr. Ho and the Putman County Hospital. On December 16, 2003, a Medical Review Panel issued a unanimous opinion that Dr. Ho failed to meet the applicable standard of care and that his conduct was a factor of the resultant damages.

The Fryes filed a complaint for damages in the Putnam Circuit Court against Dr. Ho and the Putman County Hospital. The

trial court dismissed Putman County Hospital after the parties reached a settlement. The Fryes then filed a motion for partial summary judgment, alleging that Dr. Ho was negligent as a matter of law when he failed to remove the sponge. The trial court denied the Fryes' motion for summary judgment.

The Fryes then filed a motion in limine to prevent Dr. Ho's expert witnesses from testifying that Dr. Ho had the right to rely upon the surgical nurses to make a correct sponge count. The trial court found that, based upon *Miller v. Ryan*, 706 N.E.2d 244 (Ind.Ct.App.1999), Dr. Ho's experts could not testify that doctors rely upon their nurses for the sponge count nor that, accordingly, Dr. Ho "did no wrong. . . ." Appellant's Appendix at 127–128. The case was tried before a jury, and the jury returned a verdict for Dr. Ho. The Fryes filed a motion for judgment on the evidence pursuant to Ind. Trial Rule 50 and later filed a motion to correct error pursuant to Ind. Trial Rule 59. The trial court granted the Fryes' motion and ordered a new trial on the issues of liability and damages.

■ On appeal, we find the Fryes' argument that the trial court erred by denying their motion for partial summary judgment to be dispositive. Our standard of review for a trial court's grant of a motion for summary judgment is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(c); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold*, 756 N.E.2d at 973. Once the moving party has sustained its initial burden of proving the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law, the party opposing summary judgment must respond by designating specific facts establishing a genuine issue for trial. *Bushong v. Williamson*, 790 N.E.2d 467, 474 (Ind.2003). Our review of a summary judgment motion is limited to those materials designated to the trial court. *Mangold*, 756 N.E.2d at 973. We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Id.* at 974.

■ "Medical malpractice cases are no different from other kinds of negligence actions regarding that which must be proven." *Bader v. Johnson*, 732 N.E.2d 1212, 1216–1217 (Ind.2000). The plaintiff must show: (1) a duty owed to plaintiff by defendant, (2) a breach of duty by allowing conduct to fall below the applicable standard of care, and (3) a compensable injury proximately caused by defendant's breach of duty. *Id.* at 1217.

According to the Fryes, there was no genuine issue of material fact regarding Dr. Ho's negligence and that, as a matter of law, Dr. Ho was negligent when he failed to remove the sponge. Through Dr. Ho's admissions, the Fryes designated evidence that Dr. Ho performed the surgery on Frye, that Frye was under general anesthesia during the surgery, that Dr. Ho used several sponges during the surgery, that Dr. Ho did not remove one of the sponges, and that Dr. Ho closed the surgical procedure upon Frye with a sponge remaining in her abdomen. Additionally, the Fryes designated evidence that "[t]here was no beneficial medical reason for the sponge to remain in [Frye's] abdomen after the surgical incision was closed by Dr. Ho," and that Frye "underwent surgery on March 13, 2001 to remove the sponge and abcess formed around the sponge and attached to her abdominal

wall." Appellee's Appendix at 83, 85. The Fryes also designated the medical review panel's opinion and a portion of Dr. Ho's deposition in which he testified that the nurses counted the sponges.

In response, Dr. Ho argued that summary judgment was inappropriate because genuine issues of material fact existed regarding whether he was negligent. Dr. Ho argued that he was not strictly liable and that he was entitled to present his expert testimony on the issue to the jury. Dr. Ho designated his own affidavit in which he stated that he "took all the necessary and reasonable steps, in accordance with the standard of care, to remove all sponges from [Frye's] abdomen at the conclusion of the surgery," that the surgery nurse reported to him that the sponge counts were correct, and that his "care was not a cause of [Frye's] alleged damages." Appellee's Appendix at 106. Dr. Ho also designated deposition testimony of Dr. Timothy Glass, who opined that Dr. Ho's care was not below the appropriate standard of care.

The trial court denied the Fryes' motion for partial summary judgment. On appeal, the Fryes argue that the trial court erred when it denied their motion for summary judgment because "Indiana law places upon [Dr. Ho] the responsibility for the sponge being left in Mrs. Frye." Appellee's Brief at 20. The Fryes rely, in large part, upon the Indiana Supreme Court's opinion of *Funk v. Bonham*, 204 Ind. 170, 183 N.E. 312 (1932). In *Funk*, a surgeon performing an abdominal surgery on a woman failed to remove a sponge at the end of the surgery. 204 Ind. at 173–174, 183 N.E. at 313–314. The sponge was four inches wide, eight inches long, and one-fourth an inch thick with a string six or eight inches long attached. *Id.* at 174, 183 N.E. at 314. A jury returned a verdict

for the patient. *Id.* at 173, 183 N.E. at 313.

On appeal, the surgeon argued, in part, that evidence was insufficient because the patient had not presented expert testimony regarding the issue of his negligence. *Id.* at 175, 183 N.E. at 314. The court disagreed that the patient was required to present expert testimony and held: "[T]he necessity for expert testimony was a matter of defense, and that the rule of res ipsa loquitur applies, which put upon the appellant the burden of proving to the satisfaction of the jury, in order to present a complete defense, that he was not negligent in leaving the sponge in appellee's abdomen." *Id.* at 176–177, 183 N.E. at 315.

The surgeon also argued that the nurses were supplied by the hospital and that a mistake in counting made by the nurses could not be imputed to him. *Id.* at 179, 183 N.E. at 315. The court rejected this view and held:

A surgeon performing the delicate operation of deep surgery in the abdomen cannot assign details of the operation to those who assist him in the operation, unknown to the patient, and escape liability by delegating and relying upon such assistants to do and perform those acts which it was his duty to perform. And, although the proposition here contended for is supported by evidence that good surgery practice depended upon nurses to account for all instruments and sponges used, such expert evidence does not exonerate the surgeon as a matter of law, but such evidence is competent for a jury to consider in ascertaining the fact whether this surgeon was negligent in leaving the sponge in the cavity. The finding of negligence under such evidence is the sole province of the jury. A surgeon is charged, as a matter of law, with the duty to remove

sponges used in the operation, which sponges will not be of use in the abdomen after the operation. Ordinary care and caution forbids a surgeon to delegate the absolute authority and responsibility to a nurse or nurses to account for sponges and to thus escape responsibility himself. *Davis v. Kerr* (1913) 239 Pa. 351, 86 A. 1007, 46 L.R.A. (N.S.) 611; *Ault v. Hall* (1928) 119 Ohio St. 422, 164 N.E. 518, 60 A.L.R. 128; *Barnett's Adm'r v. Brand* (1915) 165 Ky. 616, 177 S.W. 461.

*Id.* at 179–180, 183 N.E. at 315–316. Consequently, the court concluded that the verdict against the surgeon was sustained by sufficient evidence. *Id.* at 180, 183 N.E. at 316.

The court also found that the trial court properly rejected certain proposed instructions regarding the removal of sponges and the duty of nurses. In doing so, the court observed that "the failure to remove such sponges after the operation, they not being necessary for any use in the abdomen after the closing of the incision, was not a matter which depended solely upon expert testimony" and that the surgeon "may not charge lack of care and skill of placing and removal of lap sponges used in a surgical operation upon assisting nurses, or upon the hospital." *Id.* at 181, 183 N.E. at 316. Further, the court held:

> whether or not the best and safest method was used by appellant in ascertaining whether all sponges were removed is a question to be determined from the evidence given by experts; and that, where a matter depends wholly on scientific or expert knowledge, a person not an expert is not a competent witness on the subject, and the determination of the question must be by expert witnesses; and whether a surgeon skillfully treated a patient must depend upon the testimony of surgeons, and whether what the surgeon did in placing and removing sponges is a question for experts only. To leave a sponge in the abdominal cavity knowingly may be a question upon which expert testimony of physicians and surgeons would be competent. But that is not the question here. The sponge was not left in the abdomen knowingly by appellant. The inference that this sponge ought to have been removed from appellee's abdomen before the completion of the operation is supported by abundant evidence. The method of counting sponges generally in surgery was given in evidence by the testimony of surgeons. The answer to this instruction is that appellant may not delegate his duty to any one else and by so doing discharge any obligation for damages which rests upon a lack of exercising care and skill. It must be admitted as a matter of common knowledge, without the use of experts, that it is the duty of the surgeon in an operation to remove all sponges placed in the abdomen before finishing the operation, unless such sponge is left in the abdomen for a use, which use is based upon scientific discovery.

*Id.* at 182, 183 N.E. at 316–317.

The court concluded that "[t]he surgeon cannot delegate the responsibility and duty of placing the sponges in the abdominal cavity or of removing them therefrom if they are not needed to remain in the cavity after the operation, and the matter does not rest upon the efficiency of the nurses." *Id.* at 183, 183 N.E. at 317. The nurses "may aid the surgeon, but he cannot escape responsibility by delegation of his duty." *Id.* Ultimately, the court concluded that the evidence was sufficient to sustain the verdict against the surgeon, the trial court properly instructed the jury, and the trial court did not err by refusing the

surgeon's motion for a new trial. *Id.* at 187, 183 N.E. at 318.

In the years since Funk, numerous Indiana cases have recognized the proposition that res ipsa loquitur is applicable in cases where a health care provider leaves a foreign object in a patient's body. *See, e.g., Wright v. Carter,* 622 N.E.2d 170, 171–172 (Ind.1993); *Balfour v. Kimberly Home Health Care, Inc.,* 830 N.E.2d 145, 149 (Ind.Ct.App.2005). Further, the proposition that a surgeon cannot delegate a duty to remove foreign objects from a patient has been recognized. *See, e.g., Miller v. Ryan,* 706 N.E.2d 244, 250 (Ind. Ct.App.1999), *trans. denied;* Indiana Pattern Jury Instruction No. 23.03. Numerous opinions have held that a surgeon is not entitled to summary judgment under such res ipsa cases. *See, e.g., Wright,* 622 N.E.2d at 172 (affirming the denial of the motions for summary judgment of the surgeon and hospital); *Burke v. Capello,* 520 N.E.2d 439, 442 (Ind.1988) (reversing the trial court's grant of summary judgment to a surgeon who left a piece of cement in the patient), *overruled* on *other grounds by Vergara By Vergara v. Doan,* 593 N.E.2d 185, 186–187 (Ind.1992); *Balfour,* 830 N.E.2d at 150 (holding that the trial court erred when it entered summary judgment in favor of the health care provider). However, our research reveals no Indiana cases addressing a patient's motion for summary judgment in a case of a foreign object left in the patient's body by a surgeon.

 Generally, a medical malpractice case based upon negligence "is rarely an appropriate case for disposal by summary judgment...." *Robertson v. Bond,* 779 N.E.2d 1245, 1249 (Ind.Ct.App.2002), *trans. denied.* "The question of what standard of care applies in a specific context, and the related question of whether the defendant has breached his duty to adhere to that particular standard, are often questions of fact." *Harris v. Raymond,* 715 N.E.2d 388, 393 (Ind.1999), *reh'g denied.* "Nevertheless, not all medical malpractice cases are so technical that they require expert testimony, and when no reasonable jury could reach any conclusion other than that a specific standard of care is applicable and was breached, the questions of what specific standard is applicable and whether that standard was breached are questions of law for the court." *Id.* at 394.

The Indiana Supreme Court's recent opinion of *Cox v. Paul,* 828 N.E.2d 907 (Ind.2005), is instructive on this point of law. There, an oral surgeon failed to warn a patient that a dental implant had been recalled until five years after the recall. 828 N.E.2d at 909–910. The patient filed a complaint against the surgeon, alleging that she was injured as a result of the surgeon's breach of his duty to warn her of the recall. *Id.* at 910. The patient filed a motion for summary judgment on the issue of liability, arguing that the surgeon's failure to give her a timely notice of the recall was a breach of his duty as a matter of law. *Id.* The surgeon argued that a genuine issue of material fact existed, specifically, "whether the steps taken by [the surgeon] in conducting the two searches was reasonable." *Id.* The trial court denied the patient's motion for summary judgment. *Id.*

On appeal, the Indiana Supreme Court concluded that the surgeon had a duty to warn the patient but that the duty was not "absolute." *Id.* at 912. Rather, "the applicable standard is a requirement to exercise reasonable care to communicate to the patient but not necessarily to ensure that the patient received notification." *Id.* However, the court concluded that application of a res ipsa analysis was appropriate

under these circumstances. *Id.* The court noted:

> Res ipsa loquitor, in some circumstances, merely permits the trier of fact to infer negligence. In others, it may function "as a rule of policy which goes beyond the probative effect of circumstantial evidence, and requires the defendant to explain the event of circumstantial evidence or be liable." Restatement Torts (Second) § 328D, cmt. b. If so, res ipsa loquitor may be "given a greater procedural effect" by shifting the burden of proof to the defendant or creating a presumption of negligence. *Id.*

*Id.*

The court found that the patient had shifted the burden to the surgeon to explain the steps he took to give notice and why the steps were reasonable under the circumstances. *Id.* Although the court noted some circumstances that a trier of fact could have found reasonable, those circumstances were not present in the case. *Id.* at 913. The surgeon did not dispute that he did not give the patient notice of the FDA warning until five years after he received it. *Id.* Instead, he argued "that he made reasonable efforts to contact her because he directed his staff to make two sweeps of his office and because he contacted her as soon as he discovered her file." *Id.* "Although he explain[ed] that [the patient's] file might have been moved or misplaced when [the surgeon] left his partnership with [another surgeon] and started his own office, he [did] not know whether this occurred, and if it did, he [did] not explain how it was not a result of negligence." *Id.* The court concluded:

> Only speculation, not evidence, is offered to support any explanation for lack of notice, and that explanation even if it were supported by evidence is not free of the inference of negligence. In short,

the facts the [plaintiffs] have established leave room for no explanation other than negligence attributable to [the surgeon] or one of this [sic] employees or a non-negligent explanation as to which [the surgeon] has the burden of proof but failed to carry that burden. This is enough for the [plaintiffs] to make their res ipsa loquitor case. The [plaintiffs] are therefore entitled to partial summary judgment as a matter of law.

*Id.*

■ Here, the Fryes demonstrated in their motion for partial summary judgment that Dr. Ho performed the surgery on Frye, that Frye was under general anesthesia during the surgery, that Dr. Ho used several sponges during the surgery, that Dr. Ho did not remove one of the sponges, and that Dr. Ho closed the surgical procedure upon Frye with a sponge remaining in her abdomen. The Fryes also demonstrated that "[t]here was not beneficial medical reason for the sponge to remain in [Frye's] abdomen after the surgical incision was closed by Dr. Ho," and that Frye "underwent surgery on March 13, 2001 to remove the sponge and abcess formed around the sponge and attached to her abdominal wall." Appellee's Appendix at 83, 85. The Fryes also designated the medical review panel's opinion, which stated that "the evidence supports a conclusion that the defendants failed to meet the applicable standard of care and that such conduct was a factor of the resultant damages." *Id.* at 91.

■ Under such circumstances, res ipsa is applicable. *See, e.g., Funk,* 204 Ind. at 176–177, 183 N.E. at 315. The Fryes met their burden of showing a prima facie case of negligence against Dr. Ho. Id. The burden then shifted to Dr. Ho to explain how he met the standard of care. Id. Dr. Ho responded by designating evidence that he met the appropriate standard of care and

that the surgery nurse reported to him that the sponge counts were correct. In essence, Dr. Ho contended that he did not breach his duty to Frye because the nurse had the duty to count the sponges and miscounted. However, under *Funk*, a surgeon cannot "delegate the absolute authority and responsibility to a nurse or nurses to account for sponges and to thus escape responsibility himself." *Id.* at 179–180, 183 N.E. at 315–316. As in *Cox*, Dr. Ho's explanation is "not free of the inference of negligence," and Dr. Ho failed to carry his burden of proof. *Cox*, 828 N.E.2d at 913. The Fryes were, therefore, entitled to partial summary judgment on their claim against Dr. Ho.[1] We reverse and remand for a new trial on the Fryes' damages.

For the foregoing reasons, we reverse and remand for a new trial on damages.

Reversed and remanded.

SULLIVAN, J., and CRONE, J., concur.

---

1. We acknowledge the language in *Funk* cited by Dr. Ho, which indicates that negligence on the part of the physician is for the jury to decide. *Funk*, 204 Ind. at 179–180, 183 N.E. at 316 ("[A]lthough the proposition here contended for is supported by evidence that good surgery practice depended upon nurses to account for all instruments and sponges used, such expert evidence does not exonerate the surgeon as a matter of law, but such evidence is competent for a jury to consider in ascertaining the fact whether this surgeon was negligent in leaving the sponge in the cavity. The finding of negligence under such evidence is the sole province of the jury."). Further, we acknowledge the dicta in the Indiana Supreme Court's opinion of *Burke*, 520 N.E.2d at 442, where the court held that a surgeon who left cement in a patient was not entitled to summary judgment and noted:

> The trial court was in error in finding that there was no genuine issue of fact to be submitted for trial. The inference of breach of duty confronts medical opinion of no breach of duty. Justice thus requires a trial. This is not to say that at this point justice requires a verdict for the plaintiff.

*Id.* However, to the extent that these portions of *Funk* and *Burke* conflict with the outcome in Cox, we note that "[w]hen supreme court precedent is in conflict, we are bound to follow the court's most recent pronouncement on the issue." *Howse v. State*, 672 N.E.2d 441, 444 (Ind.Ct.App.1996), *trans. denied.*