# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 04 2019, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen B. Caplin
Stephen B. Caplin
    Professional Corporation
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
TRI-STATE ORTHOPAEDIC
SURGEONS

Margaret M. Christensen
Karl L. Mulvaney
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
PROREHAB, P.C.

Allyson R. Breeden
L. Katherine Boren
Ziemer, Stayman, Weitzel &
Shoulders, LLP
Evansville, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Jeffery L. Ireland,

*Appellant-Plaintiff,*

v.

Tri-State Orthopaedic Surgeons
and ProRehab, P.C.,

*Appellees-Defendants*

February 4, 2019

Court of Appeals Case No.
18A-CT-1015

Appeal from the Vanderburgh
Circuit Court

The Honorable David D. Kiely,
Judge

The Honorable Michael J. Cox,
Magistrate

**Vaidik, Chief Judge.**

# Case Summary

[1]     Jeffery Ireland appeals the trial court's grant of summary judgment in favor of
Tri-State Orthopaedic Surgeons and ProRehab, P.C., in Ireland's action for
medical malpractice.  We affirm.

# Facts and Procedural History

[2]     In April 2014, a Tri-State doctor performed shoulder surgery on Ireland.  Tri-
State sent Ireland to ProRehab for post-surgery therapy.  During a rehab visit
on July 8, 2014, an athletic trainer used a machine called a "BTE" on Ireland.
Ireland complained that there was too much tension, but the trainer did not
stop the machine.  Eventually, Ireland felt a "pop" in his shoulder.  At another
rehab visit on July 17, Ireland reported that his pain was "continuing to get
better" and that he was "ready to get back to work," Appellant's App. Vol. III
p. 99, but by early August his pain had gotten worse.  A note from a follow-up
appointment with Tri-State on August 7 includes this passage: "[Ireland]
complains of acute onset of neck pain and stiffens [sic] over the last several
days.  Prior to that he had been having trouble with his shoulder still that
seemed to happen while he had been working on the BTE machine."  *Id.* at 10.

It was decided that Ireland would have another surgery. On September 3, 2014, the Tri-State surgeon discovered and repaired "a longitudinal rent in the interval between the posterior portion of the supraspinatus tendon and the anterior portion of the infraspinatus tendon[.]" *Id.* at 8.

[3] Ireland later filed a proposed medical-malpractice complaint against Tri-State and ProRehab with the Indiana Department of Insurance as well as a lawsuit against Tri-State and ProRehab in the Vanderburgh Circuit Court. A medical review panel was convened in the Department of Insurance matter, and it unanimously determined that (1) the evidence did not support the conclusion that either Tri-State or ProRehab "failed to comply with the appropriate standard of care" and (2) the conduct of Tri-State and ProRehab "was not a factor in causing the Plaintiff resultant damage." Appellant's App. Vol. II pp. 46, 50.

[4] Shortly after the panel issued its opinions (one for each defendant), Tri-State moved for summary judgment in the court case. Tri-State asserted that Ireland "has no expert testimony to overcome the opinion of the Medical Review Panel," *id.* at 27, and cited the well-established principle that "when the medical review panel opines that the plaintiff has failed to make a prima facie case, the plaintiff must rebut the panel's opinion with expert medical testimony in order to survive summary judgment," *id.* at 26 (citing *Oelling v. Rao*, 593 N.E.2d 189, 190 (Ind. 1992); *Perry v. Driehorst*, 808 N.E.2d 765, 769 (Ind. Ct. App. 2004), *reh'g denied*, *trans. denied*; and *Marquis v. Battersby*, 443 N.E.2d 1202, 1203 (Ind.

Ct. App. 1982)). ProRehab then filed its own motion for summary judgment on the same ground.

[5] In his response to the defendants' motions, Ireland did not dispute that he lacked expert evidence of his own to rebut the opinions of the medical review panel. Instead, he argued that this is not the type of case in which expert testimony is necessary. After a hearing on the motions, the trial court granted summary judgment for the defendants.

[6] Ireland now appeals.

## Discussion and Decision

[7] Ireland contends that the trial court erred by granting the defendants' motions for summary judgment. We review such motions de novo, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). That is, "The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C).

[8] On appeal, as in the trial court, Ireland acknowledges that he has no expert evidence to rebut the medical review panel's opinions but asserts that "there is no requirement for expert testimony because of the common knowledge exception." Appellant's Reply Br. p. 15. He cites our decision in *Malooley v. McIntyre*, where we recognized that medical malpractice might be so obvious

that no expert evidence is required. 597 N.E.2d 314, 318-19 (Ind. Ct. App. 1992). Ireland maintains that there was obvious medical malpractice in this case.

[9] Without even reaching the issue of whether Tri-State and/or ProRehab breached the applicable standard of care, we see two fatal problems regarding the issue of causation. First, Ireland repeatedly says that he was "injured," but he never tells us what his alleged "injury" was. He states only that he felt a "pop" in his shoulder during a rehab visit. But a "pop" inside a shoulder is not obviously or necessarily an "injury." It is a sound or a feeling that may or may not be associated with an injury. Second, to the extent that the "injury" Ireland relies on is the "longitudinal rent in the interval between the posterior portion of the supraspinatus tendon and the anterior portion of the infraspinatus tendon" that was discovered and repaired during the second surgery in September 2014, we agree with Tri-State that it is by no means obvious that that injury was caused by or even related to the "pop" Ireland felt in July 2014. *See* Tri-State's Br. pp. 42-43. (Notably, Ireland offers no response to this argument by Tri-State in his reply brief.) Therefore, the "common knowledge" exception to the expert-evidence requirement does not apply in this case, and because Ireland did not present any expert evidence to rebut the medical review panel's opinions, the trial court properly granted summary judgment in favor of the defendants.

[10] Affirmed.

Riley, J., and Kirsch, J., concur.