James A. ANDERSON d/b/a Corporate
Finance Associates, Appellant–
Plaintiff,

v.

AMTECH CAPITAL CORP. and Peter
J. Klein, Appellees–Defendants.

No. 49A02–9201–CV–19.[1]

Court of Appeals of Indiana,
First District.

Oct. 6, 1992.

Robert G. Barker, Jennifer L. Graham, Price & Barker, Indianapolis, for appellant-plaintiff.

Terry R. Curry, Indianapolis, for appellees-defendants.

RATLIFF, Judge.

## STATEMENT OF THE CASE

James A. Anderson d/b/a Corporate Finance Associates ("CFA") appeals the grant of Amtech Capital Corp.'s ("Amtech") and Peter J. Klein's request for a new trial. We affirm.

## ISSUE

We consolidate and restate the issues on appeal:

Did the trial court properly grant relief pursuant to Ind. Trial Rule 50(C)?

1. This case was transferred to this office by order of the Chief Judge on September 1, 1992.

## FACTS

In 1987, Anderson operated CFA as a broker which represented buyers and sellers of businesses. Klein, Amtech's majority shareholder, entered an agreement with CFA authorizing Anderson to present possible business acquisitions for Amtech. Anderson identified ST–Semicon, Inc. as an acquisition possibility for Amtech. Klein created ST–Semiconductors of Indiana, Inc. to acquire ST–Semicon's assets. A dispute arose between Anderson and Klein as to the amount of Anderson's broker fee; Anderson asserted that the fee was $25,000 and Klein argued it was only $3,500.

Anderson filed suit against Amtech and Klein for tortious breach of contract[2] and fraud. After the presentation of Anderson's case, the trial court granted Klein's motion for judgment on the evidence regarding the personal liability of Klein. The jury had to determine the amount of compensatory damages owed by Amtech to Anderson. At the end of the trial, the court reversed the grant of judgment on the evidence and the jury was presented with the issue of Klein's personal liability. The jury determined that Amtech and Klein were liable for $25,000 to Anderson.

Amtech filed a motion pursuant to Ind. Trial Rules 50(C) and 59(J), which requested judgment on the evidence or a new trial. The trial court granted Klein's motion by ordering a new trial but failed to state its reasons or enter any findings thereon.

## DISCUSSION AND DECISION

Amtech filed a motion to correct error seeking judgment on the evidence, or alternatively, a new trial under Ind.Trial Rule 50 or 59. Record at 4. The trial court granted the motion without specifying its reasons. When a trial court grants a new trial pursuant to T.R. 50(C) or 59(J), we review the trial court's action with a strong presumption of correctness and reverse only for an abuse of discretion. *In-gersoll–Rand Corp. v. Scott* (1990), Ind. App., 557 N.E.2d 679, 683, *trans. denied.*

Under T.R. 50(C), the court may grant a new trial in lieu of a judgment on the evidence. T.R. 59(J) also permits the court to grant a new trial. The parties dispute which trial rule applies and whether the trial court complied with the rule procedurally.

The trial court granted a new trial without entering any findings and conclusions. T.R. 59(J) specifically provides that the court must state its reasons for granting a new trial. *See Wedmore v. Jordan Motors, Inc.* (1992), Ind.App., 589 N.E.2d 1180, 1183, *trans. denied* (court bound to enter special findings under T.R. 59(J)(7)). T.R. 50(C), however, does not impose the same requirements as T.R. 59(J) or incorporate T.R. 59(J). *See* 3 W. HARVEY, INDIANA PRACTICE § 50.2 at 301 (1988). Thus, we conclude that the trial court was not required to enter special findings and conclusions under T.R. 50(C).

On appeal, we must affirm the trial court's decision if sustainable on any theory or basis found in the record. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 157. We presume the trial court correctly followed the law. *See Nesses v. Specialty Connectors Co.* (1990), Ind.App., 564 N.E.2d 322, 327. Because we indulge the trial court with all reasonable presumptions in favor of its rulings, we refuse to find that the trial court ordered a new trial under T.R. 59(J) with which it did not comply. Because the trial court was reversing its judgment on the evidence, it is reasonable to conclude that it proceeded to order a new trial under the same rule. We find that the trial court properly granted the new trial under T.R. 50(C).

Affirmed.

SHIELDS and CHEZEM, JJ., concur.

---

2. We consider Anderson's suit to be a claim for breach of contract because Indiana does not recognize a cause of action for tortious breach of contract. *See Comfax Corp. v. North American Van Lines* (1992), Ind.App., 587 N.E.2d 118, 123.