**Stephen P. ROTHBERG, Personal Representative of The Estate of Paul L. Spake, Deceased, Appellant–Defendant,**

v.

**Robert HERSHBERGER Appellee–Plaintiff.**

No. 20A03–0504–CV–155.

Court of Appeals of Indiana.

Aug. 12, 2005.

Thomas M. Kimbrough, Michael H. Michmerhuizen, Fort Wayne, for Appellant.

Paul R. Sturm, Nathan S.J. Williams, Shambaugh, Kast, Beck & Williams, LLP, Fort Wayne, for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Stephen P. Rothberg, as Personal Representative of the Estate of Paul L. Spake (collectively, "the Estate"), appeals the trial court's dismissal of its Motion to Correct Error, which challenged the sufficiency of the evidence supporting the jury's verdict in favor of Robert Hershberger. Because we addressed the sufficiency of the evidence supporting the jury's verdict in a prior appeal of this case, the law of the case doctrine prevents the trial court from reconsidering it. We therefore affirm the trial court.

### Facts and Procedural History

The facts underlying this appeal, taken from this Court's opinion in a prior appeal of this case, are as follows:

> On Saturday, July 17, 1999, at approximately 9:00 a.m., Hershberger was riding his motorcycle eastbound on Business U.S. 20 in Mishawaka, Indiana. That section of Business U.S. 20, also known as McKinley Avenue, is a two-lane road with a posted speed limit of fifty miles per hour. Hershberger passed four cars over a double yellow line, and witnesses estimated Hershberger's speed to be between seventy and ninety miles per hour. Hershberger was forced to stop at a red light at the intersection of Bittersweet Road and McKinley Avenue.
>
> After the light turned green, Hershberger, who was the first in line at the traffic light, sped off down McKinley Avenue. At about that time, Spake, who was eighty years old, was backing out of his driveway, approximately three-tenths of a mile east of the Bittersweet Road intersection. Spake's driveway was u-shaped, and he could have pulled his vehicle around so that he entered onto McKinley Avenue in a forward direction. Instead, Spake reversed his vehicle onto McKinley Avenue, crossed the double yellow line and entered into the eastbound lane. As Spake began to accelerate forward to head westbound on McKinley Avenue, Hershberger slammed directly into the center of Spake's station wagon, which flipped Spake's vehicle on its roof and ejected Spake from the driver's seat. Hershberger was severely injured by the impact, and Spake was killed. At trial, however, the jury was only informed that Spake had suffered serious injuries from the crash and had subsequently died.
>
> Lieutenant David Hoffman, a senior traffic investigator for the St. Joseph County Police Department, determined that based upon yaw marks[1] and gouge ways direction.

---

1. Yaw marks are tire marks left on the driving surface caused by a vehicle moving in a side-

marks on the pavement, Spake was in the eastbound lane at the time of the crash, and the force of the crash moved Spake's vehicle into the westbound lane. Hoffman opined that Hershberger was traveling at eighty to one hundred miles per hour at impact. Hoffman opined that Hershberger's excessive speed was the primary cause of the accident. Dr. John Wiechel, the defendant's expert, opined that Hershberger was traveling at approximately eighty-seven miles per hour at impact, and that Spake was moving forward at approximately five to ten miles per hour.

The jury found Spake negligent and apportioned seventy percent of the fault to Spake and thirty percent to Hershberger.[2] The Estate moved for judgment on the evidence [pursuant to Indiana Trial Rule 50], which the trial court granted on February 25, 2004. In granting the Estate's motion, the trial court found, in pertinent part:

> The Court finds that the evidence as presented in this cause is undisputed and was un-rebutted that the cause of the accident in question was the excessive speed by the Plaintiff on his motorcycle. Un-rebutted evidence was presented by both the police officer from St. Joseph County and by the expert presented by the Defendant, that the Defendant in this cause could not have prevented the accident and that the sole causation factor was the clearly excessive speed on behalf of the Plaintiff. All of the other witnesses testified unequivocally that the Plaintiff was operating his motorcycle at an excessive rate of speed and that, that was the cause of the accident. . . . While the Defendant may have been negligent in backing on to the highway, the overwhelming evidence pro-

vides that the proximate cause of the collision was the Plaintiff's speed. All the evidence presented in this cause indicates that the Plaintiff was operating his motorcycle at a completely excessive rate of speed and that immediately prior to the collision he was operating at or in excess of thirty to fifty miles an hour over the speed limit. The Court believes and specifically finds that the Plaintiff did not carry his burden of proof and that the verdict in this cause was in error and that no reasonable men could reach the conclusion that the Plaintiff was less than fifty percent at fault, and that his negligence was the primary cause of the accident. The Court specifically finds Plaintiff's fault to have exceeded fifty percent.

*Hershberger v. Rothberg,* No. 20A03–0404–CV–198, 817 N.E.2d 701 (Oct. 29, 2004), slip op. at 2–4 (internal citation omitted).

Hershberger appealed to this Court. On appeal, we concluded as follows: "Based upon our review of the record, with the evidence taken in the light most favorable to Hershberger, the nonmoving party, we conclude that *some* evidence exists from which the jury could have reasonably concluded that Spake was negligent in backing out of his driveway onto McKinley Avenue." *Id.* at 6 (emphasis in original). Specifically, we reasoned that based upon "the evidence describing Spake's 'u type' driveway and the ample room available to back onto McKinley Avenue without entering the eastbound lane, the jury could have concluded that a reasonably careful driver would not have backed across both lanes of a busy road." *Id.* at 7–8. Because there was evidence to support the jury's verdict, we held that the trial court erred in granting the Estate's motion for judgment on

---

**2.** The parties agreed to bifurcate the liability and damages issues.

the evidence. Accordingly, we reversed the trial court's judgment and remanded to the trial court with instructions to enter judgment on the jury's verdict.

Upon remand, the trial court issued a Judgment dated November 16, 2004, which provides in relevant part:

> Plaintiff, Robert Hershberger, shall have judgment against the Defendant in the amount of $100,000 with interest accruing at the statutory rate per annum from February 25, 2004 [the date the jury returned its verdict in favor of Hershberger].

Appellant's App. p. 26. Thereafter, the Estate filed a Motion to Correct Error pursuant to Indiana Trial Rule 59, to which the trial court directed Hershberger "to file [a] response, including whether or not this is the appropriate venue for the filing." *Id.* at 9. Hershberger then filed a Motion to Strike or Dismiss the Estate's Motion to Correct Error, which the Estate opposed. On March 3, 2005, the trial court granted Hershberger's Motion to Strike or Dismiss the Estate's Motion to Correct Error. The trial court's Opinion provides in pertinent part:

> The Estate did not move for a directed verdict pursuant to T.R. 50 until after the jury returned its verdict in favor of the plaintiff;[3] therefore the request for a directed verdict, although not entitled such, actually functioned as a motion to correct error. This Court's ruling on that Motion was then appealed to the Indiana Court of Appeals, which reversed that decision. This Court no longer has the power to entertain the same motion. The Estate's proper recourse to appeal the decision of [the] Indiana Court of Appeals does not lie with this Court.

THEREFORE, it is hereby ordered, adjudged and decreed that the plaintiff, Robert Hershberger's Motion to Dismiss Defendant's Motion to Correct Error Filed November 23, 2004[,] is granted.

*Id.* at 14–15. This appeal ensued.

### Discussion and Decision

█ The Estate appeals the trial court's dismissal of its Motion to Correct Error. Specifically, the Estate argues that a Motion for Judgment on the Evidence must be made through a Motion to Correct Error "only after judgment is entered on the jury's verdict." Appellant's Br. p. 4. Therefore, the Estate's argument continues, "[s]ince judgment was not entered on the jury's verdict when the Motion for Judgment on the Evidence was made, there was no error and no requirement that the Estate pursue a Motion to Correct Error." *Id.* Accordingly, the Estate asserts that the trial court "erred by concluding that it had no jurisdiction to consider the Motion to Correct Error." *Id.* at 7.

This case highlights the interplay between Trial Rules 50 and 59. Trial Rule 50, entitled Judgment on the Evidence (Directed Verdict), provides in pertinent part:

> **(A) Judgment on the Evidence— How Raised—Effect.** Where all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or a verdict thereon is *clearly erroneous as contrary to the evidence because the evidence is insufficient to support it*, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a

---

**3.** The Estate points out that it actually moved for judgment on the evidence two times before—at the close of Hershberger's case-in- chief and after all the evidence was presented. This fact does not change our resolution of this case.

verdict. A party may move for such judgment on the evidence.

(1) after another party carrying the burden of proof or of going forward with the evidence upon any one or more issues has completed presentation of his evidence thereon; or

(2) after all the parties have completed presentation of the evidence upon any one or more issues; or

(3) after all the evidence in the case has been presented and before judgment; or

(4) in a motion to correct errors;
. . . .

(emphasis added). In contrast, Trial Rule 59, entitled Motion to Correct Error, provides in pertinent part:

**(J) Relief granted on motion to correct error.** The court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the errors:

(1) Grant a new trial;

(2) Enter final judgment;

(3) Alter, amend, modify or correct judgment;

(4) Amend or correct the findings or judgment as provided in Rule 52(B);

(5) In the case of excessive or inadequate damages, enter final judgment on the evidence for the amount of the proper damages, grant a new trial, or grant a new trial subject to additur or remittitur;

(6) Grant any other appropriate relief, or make relief subject to condition; or

(7) In reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a non-advisory jury is against the weight of the evidence; and shall enter judgment, subject to the provisions herein, if the court determines that the verdict of a non-advisory jury is *clearly erroneous as contrary to or not supported by the evidence,* or if the court determines that the findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence.

(emphasis added). The Indiana Supreme Court has acknowledged that "[t]here is certainly a difference in the language of [Trial Rule] 50 and [Trial Rule] 59." *Huff v. Travelers Indem. Co.,* 266 Ind. 414, 363 N.E.2d 985, 990 (1977) (footnotes omitted) (comparing "clearly erroneous as contrary to the evidence because the evidence is insufficient to support it" from Trial Rule 50 with "clearly erroneous as contrary to or not supported by the evidence" from Trial Rule 59). Nevertheless, the court held that "both rules apply where a judgment on the evidence is sought after the jury's verdict, since after the jury's verdict the motion may only be made in a motion to correct errors."[4] *Id.* The court added: "Although the language differs in the two, both rules mandate that the motion be granted when there is insufficient evidence under the law to support a verdict." *Id.*

Here, the Estate moved for judgment on the evidence after the jury issued its verdict in favor of Hershberger but before the trial court entered judgment on that ver-

---

**4.** Citing *Walker v. Pillion,* 748 N.E.2d 422, 425 (Ind.Ct.App.2001), the Estate asserts that where a judgment on the evidence is sought *after judgment has been entered,* the motion may only be made in a motion to correct error. However, *Walker* cites *Huff,* which provides that *after a jury's verdict,* a motion for judgment on the evidence can only be made in a motion to correct error. 363 N.E.2d at 990. Because *Huff* is supreme court authority, we follow it.

dict. The trial court set aside the jury's verdict and entered judgment in favor of the Estate. Hershberger appealed to this Court arguing that the trial court erred in setting aside the jury's verdict and in entering judgment in favor of the Estate, and we reversed. On remand, the Estate filed a motion to correct error. The Estate's motion for judgment on the evidence, though not entitled such, actually operated as a motion to correct error because it was made after the jury's verdict. In any event, under these facts the standard of review for both motions is the same: whether there is insufficient evidence under the law to support the jury's verdict. *See id.* Because we already decided this precise issue in a prior appeal of this case, the law of the case doctrine bars the trial court from reconsidering it.

The law of the case doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the court on appeal in any subsequent appeal involving the same case and substantially the same facts. *In re Change to Established Water Level of Lake of Woods in Marshall County*, 822 N.E.2d 1032, 1042 (Ind.Ct.App.2005), *trans. denied.* The purpose of the doctrine is to minimize unnecessary relitigation of legal issues once an appellate court has resolved them. *Id.* Accordingly, under the law of the case doctrine, relitigation is barred for all issues decided "directly or by implication in a prior decision." *Id.* (quotation omitted).

In our first appeal, we decided that the evidence was sufficient to support the jury's verdict and therefore directed the trial court to enter judgment in favor of Hershberger. Now in its motion to correct error, the Estate is again challenging the sufficiency of the evidence supporting the jury's verdict. Under the law of the case doctrine, relitigation is barred. The

trial court properly declined to revisit this issue.

Judgment affirmed.

SHARPNACK, J., and MAY, J., concur.