ATTORNEYS FOR APPELLANT
Edna M. Koch
Jennifer A. Strickland-Padgett
Zeigler Cohen & Koch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Daniel M. Mills
Mills Law Office
Bloomington, Indiana

William C. Lloyd
Lloyd Law Office
Bloomington, Indiana

E. Paige Freitag
Bauer & Densford
Bloomington, Indiana

ATTORNEYS FOR AMICUS CURIAE
IND. STATE MEDICAL ASSOC. &
THE AMERICAN MEDICAL ASSOC.
Thomas J. Costakis
Libby Y. Mote
Krieg DeVault LLP
Indianapolis, Indiana

THE IND. TRIAL LAWYERS ASSOC.
Stephen L. Williams
Mann Law Firm
Terre Haute, Indiana

_____

# In the
# Indiana Supreme Court

_____

No. 67S01-0707-CV-291

FILED
Feb 21 2008, 3:14 pm

CLERK
of the supreme court,
court of appeals and
tax court

CHI YUN HO, M.D.,                                   *Appellant (Defendant below)*
                                                    *and Cross-Appellee,*

v.

LORETTA M. FRYE AND
THOMAS HOFFMANN, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
CHARLES FRYE,                                       *Appellees (Plaintiffs below),*
                                                    *and Cross-Appellants.*

_____

Appeal from the Putnam Circuit Court, No. 67C01-0210-PL-349
The Honorable Matthew L. Headley, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 67A01-0603-CV-122

_____

**February 21, 2008**

**Dickson, Justice.**

In this medical negligence case arising from the alleged failure to remove all of the surgical sponges following abdominal surgery, the trial court denied the plaintiffs' motion for partial summary judgment, the jury returned a verdict in favor of the surgeon, and the trial court

thereafter granted a new trial. The Court of Appeals reversed the denial of partial summary judgment, found for the plaintiffs on liability as a matter of law, and remanded for a determination of damages. Ho v. Frye, 865 N.E.2d 632 (Ind. Ct. App. 2007). We granted transfer, thereby automatically vacating the opinion of the Court of Appeals. Ind. Appellate Rule 58(A). We affirm the denial of summary judgment, reverse the order granting a new trial, and reinstate the jury verdict.

The defendant-appellant, Chi Yun Ho, M.D. (Dr. Ho), brings this appeal to challenge the trial court's order setting aside the jury verdict and granting the plaintiffs, Loretta M. Frye and Thomas Hoffman, personal representative of the Estate of Charles Frye, a new trial on liability and damages. Dr. Ho's challenge to the order setting aside the verdict and granting a new trial presents two claims: (1) the trial court order failed to make specific findings as required under Ind. Trial Rule 59(J), and (2) the jury verdict was supported and not against the weight of the evidence.

On cross-appeal, the plaintiffs contend that the trial court erred in (1) denying their motion for partial summary judgment on the issue of liability, (2) failing to grant their motion for judgment on the evidence on the issue of liability, and (3) permitting defense witnesses to present testimony seeking to shift the sponge count responsibility from Dr. Ho to the attending nurses.

The principal facts are undisputed. In October 2000, Dr. Ho performed an abdominal surgical procedure on Loretta Frye. Shortly before closing the patient's abdomen, Dr. Ho was informed by the nursing staff that all of the sponges used during the procedure were outside of the patient and accounted for. In March of 2001, however, it was discovered that a sponge from Dr. Ho's surgery remained inside the patient's abdomen. As a result, Mrs. Frye suffered complications and required further medical care. The plaintiffs thereupon initiated this action pursuant to the Indiana Medical Malpractice Act.[1] The medical review panel convened thereunder issued its unanimous opinion that Dr. Ho failed to meet the applicable standard of care.

---

[1] Following mediation, the plaintiffs' action against the hospital was settled and dismissed.

The plaintiffs filed a motion for partial summary judgment on the issue of Dr. Ho's negligence, asserting that the doctor had a non-delegable duty to remove every sponge used in the surgery and was thus responsible for such removal as a matter of law. The trial court denied the motion without explanation. The case proceeded to trial and the jury returned a verdict in favor of Dr. Ho. Eleven days later, the plaintiffs filed an Ind. Trial Rule 50 motion for judgment on the evidence, and three days thereafter filed a supplemental motion to correct error pursuant to Ind. Trial Rule 59(J). Following "consideration of the evidence and testimony at trial [and] argument and briefs by [c]ounsel," the trial court ordered a new trial on the issue of liability and damages but did not make any special findings of fact or provide any explanation for the basis of its order. Appellant's App'x at 17.

## 1. Order for New Trial

Dr. Ho challenges the order primarily on grounds that the trial court failed to make specific findings as required by T.R. 59(J). The plaintiffs respond that the new trial was ordered in response to their T.R. 50 motion, which does not require findings.

Rules 50 and 59(J) significantly differ as to the requirement of findings if a new trial is ordered. Keith v. Mendus, 661 N.E.2d 26, 31 (Ind. Ct. App. 1996), *trans. denied*; Anderson v. Amtech Capital Corp, 600 N.E.2d 149, 150 (Ind. Ct. App. 1992). Under T.R. 50(C), a trial court may grant a new trial as to part or all of the issues, and the rule imposes no explicit requirement for supporting findings. A trial court is not required to enter special findings and conclusions when granting a new trial under T.R. 50(C). Keith, 661 N.E.2d at 31; Anderson, 600 N.E.2d at 150. But under T.R. 59(J), a trial court's authority to grant a new trial on a motion to correct error is conditioned upon explicit prerequisites. To the extent relevant to the asserted bases for the plaintiffs' T.R. 59(J) motion, the rule states that when a new trial is granted:

> if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.

T.R. 59(J)(7). The different requirements for written findings in T.R. 50 and T.R. 59(J) are

consistent with the differing nature of trial court review of a jury verdict. As explained in Keith:

> When a trial court grants a new trial on the basis of a motion for judgment on the evidence pursuant to T.R. 50(C), it must consider only the evidence most favorable to the nonmoving party and may grant the motion only when there is no evidence or reasonable inferences therefrom to support an essential element of the claim. However, when the trial court grants a new trial as a "thirteenth juror" under the provisions of T.R. 59(J), it must sift and weigh the evidence and judge witness credibility. "If Rule 50(C) new trial relief is granted, it cannot be on the basis of the '13th Juror' or a review of the evidence. If the trial court is going to 'weigh the evidence' then this kind of new trial must come as part of a motion to correct error under Trial Rule 59."

Keith, 661 N.E.2d at 31, *quoting* 3 Harvey, *Indiana Practice* 299 (1988) (other included citations omitted). A new trial under T.R. 50(C) is thus appropriate only when there is a glaring absence of critical evidence or reasonable inferences—a critical failure of proof,[2] but to order a new trial under T.R. 59(J), a trial court must determine "that the verdict . . . is against the weight of the evidence," T.R. 59(J)(7), thus requiring the careful sifting and evaluation described in Keith. When a trial judge reweighs the evidence and substitutes his or her judgment for that of the jury under T.R. 59(J), the rule mandates special findings that "relate the supporting and opposing evidence to each issue upon which a new trial is granted[.]" T.R. 59(J). When a trial court orders a new trial because the verdict is against the weight of the evidence, but fails to make the required special findings, "the proper remedy is reinstatement of the jury verdict." Weida v. Kegarise, 849 N.E.2d 1147, 1152 (Ind. 2006); *see also* State v. White, 474 N.E.2d 995, 1000 (Ind. 1985).

Trial Rule 50(A)(4) expressly permits a party to move for a judgment on the evidence in its motion to correct error, and the plaintiffs' T.R. 59(J) motion to correct error expressly

---

[2] The structure of Trial Rule 50 treats the granting of a judgment notwithstanding a verdict separately from the granting of a new trial. Section (A) authorizes a judgment notwithstanding a verdict "[w]here all or some of the issues in a case tried before a jury . . . are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it…" T.R. 50(A). This standard appears only in subsection (A). In contrast, Section (C) permits the trial court to grant a new trial "when entry of a judgment is impracticable or unfair to any of the parties or otherwise is improper, whether requested or not." T.R. 50(C). This analysis, however, was not raised or addressed by the parties, and we find no Indiana appellate decisions that make this distinction. On the contrary, Indiana case law has generally followed the Keith formulation that permits a new trial under T.R. 50(C) if the reviewing court finds, limiting appellate consideration to "the evidence most favorable to the nonmoving party," that "there is no evidence or reasonable inferences therefrom to support an essential element of the claim." Keith, 661 N.E.2d at 31.

incorporated their pending T.R. 50 motion for judgment on the evidence.[3] The plaintiffs' T.R. 59(J) motion alternatively asserted that the jury verdict was either "clearly erroneous" (seeking an actual judgment in plaintiffs' favor on liability and a new trial only on damages) or "against the weight of the evidence" (requesting a new trial on both liability and damages). Appellant's App'x at 179. In ordering a new trial, not only did the trial court's order lack special findings or other explanation, but also it did not specify whether the court was granting a new trial based on the Trial Rule 50 motion for judgment on the evidence or the Trial Rule 59 motion to correct error. Rather than grant judgment on liability and a new trial only on damages, however, the trial court ordered a new trial on both liability and damages, which convinces us that it was granting the relief requested by plaintiffs under the "against the weight of the evidence" standard for T.R. 59(J), which standard cannot be the basis of relief under T.R. 50. Salcedo v. Toepp, 696 N.E.2d 426, 433 (Ind. Ct. App. 1998); Keith, 661 N.E.2d at 31-32. The trial court's order for a new trial thus rested upon its determination that the verdict was against the weight of the evidence, thereby evidencing the court's intention to grant the T.R. 59(J) motion.[4] Because the court failed, however, to make the special findings required by the rule, the order for new trial must be reversed. Weida, 849 N.E.2d at 1152.

## 2. Denial of Summary Judgment

The relief sought by the plaintiffs' T.R. 50 and 59 motions was based on the same contention asserted by the plaintiffs in support of their motion for partial summary judgment –

---

[3] We note that T.R. 50(C) appears to explicitly authorize a motion for judgment on the evidence "after the jury is discharged." Some decisions, however, state that a T.R. 50 motion "may only be made in a motion to correct errors." But these appear to address T.R. 50(A) motions seeking judgment, not T.R. 50(C) motions seeking a new trial. See, e.g., Huff v. Travelers Indem. Co., 266 Ind. 414, 421, 363 N.E.2d 985, 990 (1977); Rothbert v. Spake, 832 N.E.2d 593, 597 (Ind. Ct. App. 2005). And although Huff opined that a motion to correct error was the exclusive tool to challenge a verdict after jury discharge, the language of T.R. 50(A) clearly makes resort to T.R. 59(J) permissive, not mandatory. And the provision expressly permitting a motion for judgment on the evidence to be included in a motion to correct errors appears only in T.R. 50(A), relating to the entry of judgment, not in T.R. 50(C), relating to the ordering of a new trial.

[4] The plaintiffs urge that, in light of a physician's non-delegable duty to insure that all sponges have been removed, it is more likely that the trial court did not reweigh the evidence under T.R. 59(J) but rather granted a new trial under T.R. 50. Even if this were so, such new trial order is erroneous as a matter of law for the reasons discussed in Part 2 of this decision.

that the surgeon had breached, as a matter of law, his non-delegable duty to assure removal of sponges. On cross-appeal, the plaintiffs contend that they were entitled to summary judgment on liability because the undisputed facts presented at summary judgment required application of Funk v. Bonham, 204 Ind. 170, 183 N.E. 312 (1932), which they assert holds that the surgeon is responsible, as a matter of law, for the removal of surgical sponges. In response, Dr. Ho quarrels with the plaintiffs' interpretation of Funk, and argues that the designated evidence in opposition to partial summary judgment was sufficient to create a genuine issue of fact as to whether he met the standard of care.

A party seeking appellate reversal of the denial of summary judgment must demonstrate that the designated evidentiary matter negates the existence of any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); Cinergy Corp. v. Assoc. Elec. & Gas, 865 N.E.2d 571, 574 (Ind. 2007). In determining the appropriateness of summary judgment, the reviewing appellate court, like the trial court, must construe all facts in favor of the nonmoving party. Time Warner Entertainment Co. v. Whiteman, 802 N.E.2d 886, 895 (Ind. 2004).

To support their motion for partial summary judgment, the plaintiffs identified Dr. Ho's admissions that he performed the surgery upon Mrs. Frye; that he used several sponges during the surgery; that when he closed the surgical incision in her abdomen, he was unaware that a sponge remained inside her abdomen; that Mrs. Frye later underwent surgery to remove the sponge and the resulting abscess that had formed; and that the medical review panel decision found that Dr. Ho had failed to meet the applicable standard of care. In response, Dr. Ho designated only passages from the deposition testimony of Timothy Glass, M.D., and Dr. Ho's own affidavit, both of which asserted that Dr. Ho's medical care for Mrs. Frye was within the applicable standard of care. Appellees' App'x at 102-110. Dr. Glass also expressed his disagreement with the decision of the medical review panel. *Id.* at 110.

The plaintiffs urge that under these facts partial summary judgment in their favor was required by Funk and Miller v. Ryan, 706 N.E.2d 244 (Ind. Ct. App. 1999), *trans. denied*, 726 N.E.2d 302. They assert that Funk and Miller stand for the proposition that "[a] surgeon is

6

charged as a matter of law with the duty to remove sponges used in an operation, and ordinary care and caution forbid the surgeon to delegate the absolute authority and responsibility to a nurse or nurses to account for sponges and thus escape liability." Appellees' Br. at 17.

This Court's 1932 decision in Funk involved similar facts. In the course of abdominal surgery, a sponge was left inside the patient. Following a jury verdict and judgment for the plaintiff, the trial court denied the doctor's motion for a new trial. He appealed, asserting that the verdict was not supported by sufficient evidence because of the absence of expert witness testimony establishing medical negligence and because the sponge was overlooked and left inside the patient's abdomen by "accident" rather than due to negligence. Funk, 204 Ind. at 175, 183 N.E. at 314. The doctor further asserted that the nurse had reported to him that all sponges were accounted for, and argued that a mistake by the nurse could not be imputed to him. Finding the evidence sufficient to sustain the verdict, the Funk court stated:

> A surgeon is charged, as a matter of law, with the duty to remove sponges used in the operation, which sponges will not be of use in the abdomen after the operation. Ordinary care and caution forbids a surgeon to delegate the absolute authority and responsibility to a nurse or nurses to account for sponges and to thus escape responsibility himself.

Funk, 204 Ind. at 180, 183 N.E. at 316.

Despite the apparent breadth of this language, however, Funk was an appeal from a jury verdict, not from a trial court summary judgment for the plaintiff, nor from a judgment for plaintiff on the evidence, nor from a judgment for plaintiff notwithstanding a contrary verdict, nor from a judgment for the plaintiff as a matter of law in the absence of evidence from the defendant. In fact, elsewhere in its discussion, Funk declares that "it is for the jury to determine from the evidence whether the omission of certain treatment, like the failure to remove a lap-sponge used in the operation before the incision was closed, was or was not negligence." Funk, 204 Ind. at 176, 183 N.E. at 314. The court found the rule of *res ipsa loquitur* applicable, "which put upon the [surgeon] the burden of proving to the satisfaction of the jury, in order to present a complete defense, that he was not negligent in leaving the sponge ...." Funk, 204 Ind. at 177, 183 N.E. at 315. The court emphasized the absence of defense evidence from the doctor to show that "good surgery was practiced." *Id.*.

7

In light of its context, we do not understand Funk to hold that a surgeon is absolutely liable as a matter of law for failure to remove unnecessary sponges used in a patient during surgery. Rather, Funk properly recognizes that, notwithstanding a surgeon's assignment to assistants the task of tracking surgical sponges, the surgeon's failure to remove a sponge is evidence of medical negligence and will support a jury verdict finding liability on the part of the surgeon.

In Miller v. Ryan, the Court of Appeals affirmed a jury verdict in favor of plaintiffs in a medical malpractice action arising out of foot surgery performed by two podiatrists, one operating upon the plaintiff's left foot and the other on the right foot. The lead surgeon unsuccessfully challenged a jury instruction that a podiatrist performing an operation "may not delegate the duty to another podiatrist or assistant and thereby avoid responsibility." Miller, 706 N.E.2d at 250. Like Funk, this case did not affirm a trial court granting judgment for the plaintiff as a matter of law due to a surgeon's failure to remove a foreign object. We do not find Miller to support the plaintiff's motion for partial summary judgment.

Burke v. Capello, 520 N.E.2d 439 (Ind. 1988), also a malpractice action, involved an orthopedic surgeon who performed hip replacement surgery but left a fragment of cement one inch in diameter inside the patient, requiring further surgery and resulting in ongoing numbness and pain. This Court reversed the trial court's grant of summary judgment in favor of the doctor, stating: "The inference of breach of duty confronts medical opinion of no breach of duty. Justice thus requires a trial." Id. at 442. Significantly however, the opinion added: "This is not to say that at this point justice requires a verdict for the plaintiff." Id.

Not unlike the present case, in Cox v. Paul, 828 N.E.2d 907 (Ind. 2005), we addressed a medical malpractice plaintiff's claim of liability as a matter of law based upon language included in Harris v. Raymond, 715 N.E.2d 388 (Ind. 1999), stating a physician's duty to warn current and former patients of certain facts "as a matter of law." Id. at 394. Faced with almost identical facts in Cox, we rejected the claim that such failure calls for strict liability and clarified that, while there was a duty to warn, the duty was not absolute but rather was a "duty to make 'reasonable efforts'" to contact all current and former patients. Cox, 828 N.E.2d at 912. Applying the rule of

8

*res ipsa loquitor*, we recognized the rule as having the procedural effect of "shifting the burden of proof to the defendant or creating a presumption of negligence." *Id*. <u>Cox</u> found that a physician's undisputed failure to warn a patient about risks associated with medical treatment was sufficient to shift the burden to the physician to provide an explanation:

> He, therefore, is fairly charged with responsibility for explaining the steps he took to give notice and why they were reasonable under the circumstances. If he shows reasonable steps, the trier of fact may find him not liable despite the failure of those steps to accomplish the goal of completing the communication to the patient.

*Id.* at 913. But we found the physician's evidence to be insufficient to meet his burden. "Only speculation, not evidence, is offered to support any explanation for lack of notice, and that explanation even if it were supported by evidence is not free of the inference of negligence." *Id.* We vacated the denial of plaintiffs' motion for partial summary judgment and remanded with instructions to grant the motion.

The Court of Appeals opinion in the present case concluded that the plaintiffs had designated sufficient evidentiary matter in support of their motion for partial summary judgment for the rule of *res ipsa loquitur* to apply, and that this shifted the burden to Dr. Ho "to explain how he met the standard of care." <u>Ho</u>, 865 N.E.2d at 638. The court then concluded that Dr. Ho's designated matter contended in essence that "he did not breach his duty . . . because the nurse had the duty to count the sponges and miscounted." *Id*. at 638. Finding that the physician's explanation was insufficient, the court reversed the denial of plaintiffs' motion for partial summary judgment and remanded for a new trial on the issue of damages.

To support their motion for partial summary judgment on liability, the plaintiffs designated evidence describing the physician-patient relationship between Mrs. Frye and Dr. Ho, providing the fact and details of the surgery and the fact that a sponge was left in her abdomen when Dr. Ho completed the surgery, describing the resulting injuries, and attaching the opinion of the medical review panel that Dr. Ho and the hospital "failed to meet the applicable standard of care and that such conduct was a factor of the resultant damages." Appellees' App'x at 91. Because the plaintiffs' designated materials included this expert medical opinion, this case does not call for application of the rule of *res ipsa loquitur*. The plaintiffs' designated matters satisfied their burden as the party moving for summary judgment. To defeat the motion, Dr. Ho,

9

as non-movant, was required to designate evidence that demonstrated a genuine issue of material fact upon a determinative issue.

In responding to the plaintiffs' motion for partial summary judgment on liability, Dr. Ho does not dispute any of the plaintiffs' factual assertions except the medical review panel's finding on medical negligence. His response designates only his own affidavit and certain passages from the evidentiary deposition of Dr. Timothy Glass, M.D., who performed subsequent surgery on Mrs. Frye. Dr. Ho's affidavit declares that he is a licensed Indiana physician; Board Certified in Obstretrics and Gynecology; is familiar with the standard of care required to be exercised by a reasonable, prudent, careful and skillful surgeon performing gynecological surgery; and "took all the necessary and reasonable steps, in accordance with the standard of care, to remove all sponges from Mrs. Frye's abdomen at the conclusion of the surgery." Appellees' App'x at 106. It further states that the hospital surgery record shows that final sponge counts were completed and correct and that no sponges were unaccounted for, and that a surgery nurse had verbally reported to him that the sponge counts were correct. Dr. Ho's affidavit states his opinion that the surgical care he rendered was within the applicable standard of care. In the designated passages from Dr. Glass's deposition, he states that during his subsequent surgical procedure on Mrs. Frye, he personally kept track of sponges and relied upon the nurses to count sponges, that in his opinion Dr. Ho's care of Mrs. Frye was not below the applicable standard of care, and that he disagreed with the decision of the medical review panel. Dr. Ho contends that these designated matters were sufficient to show a genuine issue of material fact by "directly opposing [the] opinions" presented by the plaintiffs "on whether Dr. Ho's care met the standard of care." Appellants' Reply Br. and Cross-Appellees' Br. at 21.

Dr. Ho's designation of evidence in opposition to summary judgment is extremely sparse in factual content. The fact that the nursing staff made and recorded sponge counts showing all sponges accounted for and reported that fact to Dr. Ho does not preclude Dr. Ho's liability. As held in Funk, a surgeon may not escape his responsibility to remove sponges used during the surgery simply by delegating responsibility for tracking surgical sponges to attending nurses. The designated matters opposing summary judgment do not provide any facts describing the specific actions taken by Dr. Ho during the surgery, nor do they provide any facts that form a

10

basis for any explanation for his conduct. But Dr. Ho's designated matters do challenge the medical review panel's finding of medical negligence.

The determinative question is thus whether conflicting opinions regarding whether a physician met the applicable standard of care, in the absence of facts supporting such opinions, operate to create a genuine issue of material fact precluding summary judgment. In Cox, we held that "speculation, not evidence" is insufficient. 828 N.E.2d at 913. But in a medical malpractice case, an opinion on the ultimate fact of whether a defendant physician's conduct fell below the applicable standard of care may be seen as qualitatively different from the speculation found insufficient in Cox. Unless satisfied by the rule of *res ipsa loquitur*, a medical malpractice plaintiff is ordinarily required to present expert opinion that a defendant health care provider's conduct fell below the applicable standard of care. Perry v. Driehorst, 808 N.E.2d 765, 768 (Ind. Ct. App. 2004), *trans. denied*. Medical negligence is thus not generally a conclusion that may be reached by a jury without such an expert opinion among the evidence presented. Such expert opinion takes on the character of an evidentiary fact in medical malpractice cases.

It is well-established that in medical malpractice summary judgment proceedings, the non-movant "is only required to produce expert evidence refuting the panel's opinion" presented by the moving party regarding the standard of care. Randolph County Hosp. v. Livingston, 650 N.E.2d 1215, 1218 (Ind. Ct. App. 1995), *trans. not sought*. *See also* McIntosh v. Cummins, 759 N.E.2d 1180, 1184 (Ind. Ct. App. 2001); Jones v. Minick, 697 N.E.2d 496, 499 (Ind. Ct. App. 1998). In the present case, by creating a genuine issue of material fact regarding his compliance with the applicable standard of care, Dr. Ho's designated materials were sufficient to defeat the plaintiffs' motion for partial summary judgment.

### 3. Denial of Judgment for Plaintiff on Liability

The plaintiffs also assert on cross-appeal that the trial court erred in failing to enter judgment on the evidence directing a verdict or entering judgment against Dr. Ho on the issue of liability. In Part 1 above, we addressed Dr. Ho's claim of trial court error in ordering a new trial on both liability and damages, vacating it because of the absence of special findings. The

11

plaintiffs' separately contend, however, that the trial court was required, as a matter of law, to grant their T.R. 50(C) motion for judgment on the evidence and to enter judgment finding Dr. Ho liable as a matter of law.  Citing Funk, they argue that a surgeon is required as a matter of law to remove all surgical sponges and may not escape liability by relying on nurses to count the sponges.

We disagree with the plaintiffs' understanding of Funk.  As discussed in Part 2 above, Funk stands for the proposition that, notwithstanding a surgeon's assignment to surgical assistants the task of tracking surgical sponges, a surgeon's failure to remove a surgical sponge is evidence of medical negligence and will support a jury verdict finding liability on the part of the surgeon.  Funk did not consider whether the failure to remove a sponge required judgment to be entered against a surgeon as a matter of law without a jury determination that the surgeon's conduct fell below the applicable standard of care.

In the appellate review of the denial of a T.R. 50(A) motion for judgment on the evidence, the reviewing court assesses whether granting the motion would have been proper. This requires that, considering only the evidence and reasonable inferences drawn most favorable to the non-moving party, there is no substantial evidence supporting an essential issue in the case.  Smith v. Baxter, 796 N.E.2d 242, 243 (Ind. 2003).  We find that Dr. Ho's expert medical evidence that his performance of the surgery on Mrs. Frye satisfied the applicable standard of care constituted evidence sufficient to support Dr. Ho's claim of non-liability.  The trial court did not err in denying the plaintiffs' request for judgment on liability as a matter of law.

### 4.  Permitting Defense Witnesses Testimony

The plaintiffs contend that Dr. Ho and his expert witnesses should not have been permitted to testify "that the standard of care is met when the surgeon relies upon nurses to count sponges."  Appellees' Br. at 23.  The plaintiffs argue that permitting such testimony was (1) irrelevant because under Funk, Dr. Ho is ultimately accountable as a matter of law for the surgical sponge error, and (2) confusing "to have other doctors testify that they rely on their

12

nurses for the sponge count and that Dr. Ho did no wrong," contrary to <u>Miller</u>. *Id.*

The plaintiffs have misread the holding in <u>Funk</u>. The challenged evidence was directly relevant to whether Dr. Ho's conduct during surgery fell below the applicable standard of care. As to the claim that the evidence was confusing, we understand this assertion to be based on the language used by the Court of Appeals in <u>Miller</u> that a doctor "may not delegate to another . . . assistant *and thereby avoid responsibility.*" <u>Miller</u>, 706 N.E.2d at 250 (emphasis added). As noted in Part 2 above, however, <u>Miller</u> affirmed a medical malpractice verdict for the plaintiff and the above language, in effect, explained that evidence of assignment of responsibility to another surgical team member would not avoid liability as a matter of law so as to require reversal of the verdict. The <u>Miller</u> language does not establish that a physician may not seek the assistance of other medical professionals in the course of surgery, nor not does it preclude evidence of such "delegation" of function as evidence to be considered in the overall determination of whether a defendant medical provider fell below the applicable standard of care.

In the present case, the testimony offered by Dr. Ho's witnesses was neither irrelevant nor confusing. The trial court did not err in overruling the plaintiffs' objections thereto.

## Conclusion

The order of the trial court denying the plaintiffs' motion for partial summary judgment is affirmed. The trial court's rulings on admissibility of testimony is affirmed. The trial court did not err in failing to order judgment on liability in response to the plaintiffs' motion for judgment on the evidence. The order granting a new trial, however, is reversed. This case is remanded with instructions to enter judgment on the jury's verdict.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

13