**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Aug 14 2013, 5:45 am

CLERK

of the supreme court,
court of appeals and
tax court



APPELLANT PRO SE:

**ERIC D. SMITH**
Westville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1201-PL-121 |
| | ) | |
| J. DAVID DONAHUE, DAN MCBRIDE, | ) | |
| LINDA VANNATTA, PAM BANE, and | ) | |
| NELL HAYES, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David A. Shaheed, Judge
Cause No. 49D01-0509-PL-36908

**August 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following a jury trial on his civil claims, Eric D. Smith ("Smith") appeals the trial court's denial of his request for a new trial.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment reveal[1] that, in 2006, Smith, an inmate at Westville Correctional Facility, filed a lawsuit against employees of the Indiana Department of Correction ("DOC"). At one point, Westville Correctional Facility and DOC were named parties but, on May 12, 2006, Smith amended his complaint, listing only defendants J. David Donahue ("Donahue"), Dan McBride ("McBride"), Linda VanNatta ("VanNatta"), Pam Bane ("Bane"), and Nell Hayes ("Hayes") (collectively "the Defendants").

In his complaint, Smith raised a number of issues. He contended that when he wanted to change his religion from Roman Catholicism to Wicca, the Defendants impeded his ability to convert, denied him certain items necessary to practice his new religion, treated him differently from other offenders, and took actions to establish an institutional religion of Christianity. Accordingly, Smith brought claims under the First and Fourteenth Amendments to the United States Constitution. Smith also brought claims under the Indiana Tort Claims Act ("ITCA"), alleging that certain Defendants were negligent.

On July 28, 2011, Smith's jury trial began. Smith proceeded pro se, and the trial

---

[1] Notably, no transcript was available. Smith submitted a Verified Statement of Evidence. *Appellant's App.* at 37-53. The trial court did not certify Smith's Statement and, pursuant to Indiana Appellate Rule 31(D), the trial court submitted an Affidavit on Statement of Evidence ("Evidence Affidavit"). *Appellee's App.* at 46-47.

court explained the jury-selection process to Smith. *Appellee's App.* at 51-52. Smith presented his evidence, which included his personal testimony that his allegations were true. Following the presentation of Smith's evidence, the Defendants moved for a directed verdict on all claims. The trial court granted the motion in part, dismissing all claims against Westville Correctional Facility and DOC because they were not named in Smith's amended complaint. Furthermore, the trial court dismissed all claims against Donahue as well as all of the claims Smith had brought under the Establishment Clause of the First Amendment.

After presenting their evidence, the Defendants renewed their motion for a directed verdict. The trial court again granted the motion in part, dismissing the First Amendment and Fourteenth Amendment claims against VanNatta and McBride, and dismissing all of Smith's ITCA claims. Only Smith's constitutional claims against Bane and Hayes remained, and the jury returned a unanimous verdict in favor of the two Defendants. On August 4, 2011, Smith filed a motion for a new trial under Indiana Trial Rule 50(C), which was denied on January 5, 2012. Smith now appeals.

**DISCUSSION AND DECISION**

Smith contends that the trial court erred in denying his motion for a new trial and asserts that a new trial was warranted because, as we restate and reorder for efficiency, (1) Smith was confused about the use of peremptory challenges; (2) the jury verdict was arbitrary and against the weight of credible evidence; and (3) the trial court erred in granting a directed verdict in favor of VanNatta and McBride. We begin by noting that the "Statement of Facts" portion of Smith's brief fails to comply with the requirements of

3

Indiana Appellate Rule 46(A)(6) because it fails to describe the facts relevant to the issues presented for review, and, as a result, Smith has waived his appellate rights. Waiver notwithstanding, each of Smith's arguments will be addressed in turn. *See* Ind. Appellate Rule 46(A)(6).

A motion for a new trial brought under Indiana Trial Rule 50(C) is a motion for judgment on the evidence. *Chi Yun Ho, M.D. v. Frye*, 880 N.E.2d 1192, 1195 (Ind. 2008). Trial Rule 50(C) provides that:

> When a judgment on the evidence is sought before or after the jury is discharged, the court may grant a new trial as to part or all of the issues in lieu of a judgment on the evidence when entry of a judgment is impracticable or unfair to any of the parties or otherwise is improper, whether requested or not.

When reviewing a trial court's Trial Rule 50(C) ruling, we apply the same standard as the trial court, considering only the evidence and reasonable inferences most favorable to the nonmoving party. *Court View Ctr., L.L.C. v. Witt*, 753 N.E.2d 75, 80 (Ind. Ct. App. 2001). "A new trial under [Trial Rule] 50(C) is thus appropriate only when there is a glaring absence of critical evidence or reasonable inferences—a critical failure of proof . . . ." *Chi Yun Ho, M.D.*, 880 N.E.2d at 1196. If a trial court grants new trial relief under a Trial Rule 50(C) motion, "it cannot be on the basis of the '13th juror' or a review of the evidence," rather, "[i]f the trial court is going to 'weigh the evidence' then this kind of new trial must come as part of a motion to correct error under Trial Rule 59." *Id.* (quoting *Keith v. Mendus*, 661 N.E.2d 26, 31 (Ind. Ct. App. 1996)).

Smith contends that a new trial is warranted because he did not understand how peremptory challenges work. This argument is unavailing. First, the record shows that

4

the trial court explained the jury-selection process, including peremptory strikes, and gave Smith the chance to ask questions. *Appellee's App.* at 51-52. Furthermore, it is well settled that pro se litigants are held to the same standards as licensed attorneys. *Goossens v. Goossens*, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005). Smith cannot seek a new trial simply because he now claims he did not understand how to select a jury.

Smith next argues that the jury verdict in favor of Bane and Hayes was arbitrary and against the weight of credible evidence, warranting a new trial. The crux of Smith's argument is that "[t]here is no way a reasonable jury would believe the testimony of Bane and Hayes."[2] *Appellant's Br.* at 6. Consistent with our standard of review, we will not act as a "thirteenth juror" by weighing the evidence or judging witness credibility. *See Salcedo v. Toepp*, 696 N.E.2d 426, 433 (Ind. Ct. App. 1998). Furthermore, we find no evidentiary or inferential gap that would warrant new trial relief under Trial Rule 50(C), thus the trial court did not err. *See Chi Yun Ho*, 880 N.E.2d at 1196. Indeed, there was no evidence, other than Smith's testimony, that Bane and Hayes prevented or thwarted Smith from changing his religious preference, or wrongfully interfered with his religious practice. Although testimony from Bane and Hayes contradicted Smith's, credibility determinations are reserved for the finder of fact. *See Salcedo*, 696 N.E.2d at 433.

Lastly, Smith argues that the trial court erred in ordering a directed verdict in favor of McBride and VanNatta, who were DOC employees involved in responding to Smith's grievances.

---

[2] Smith invites us to import the "incredible dubiosity" rule from our criminal law jurisprudence. *See, e.g.*, *Majors v. State*, 748 N.E.2d 365, 367 (Ind. 2001). This rule allows a judge, in very limited circumstances, to "impinge on a jury's responsibility to judge witness credibility," but the rule is inapplicable here. *Id.*

5

First, Smith alleges that McBride and VanNatta failed to act on his grievances when "they should have known that the failure to act would cause the other [D]efendants to deprive [him] of [his] rights." *Appellant's Br.* at 12-13. Because we have already determined that the jury verdict was supported by the evidence and, thus, that Smith suffered no constitutional harm, we need not consider any of Smith's attenuated theories of culpability.

Next, Smith argues that McBride and VanNatta gave conflicting testimony about why they rejected his grievances, and that, due to this conflicting testimony, the jury might have inferred that Smith was being treated differently on the basis of his religious beliefs. *Id.* at 13. The Evidence Affidavit, however, shows no such conflicting testimony. Moreover, due to its postural constraints when ruling on a Trial Rule 50(C) motion, the trial court was unable to reweigh the evidence. As we have observed, "[i]f the trial court is going to 'weigh the evidence' then this kind of new trial must come as part of a motion to correct error under Trial Rule 59." *Chi Yun Ho,* 880 N.E.2d at 1196 (quoting *Keith*, 661 N.E.2d at 31).

Notwithstanding that Smith has waived his appellate rights, we find that the trial court did not err when it denied his Trial Rule 50(C) motion for a new trial.

Affirmed.

ROBB, C.J., and RILEY, J., concur.

6